THOMAS L. BLANTON V. CLYDE L. GARRETT ET AL.

No. 7561. Decided June 21, 1939.
(129 S. W., 2d Series, 623.)

*William W. Blanton,* of Albany, for appellant.

*Turner, Seaberry & Springer,* of Eastland, for appellee.

MR. JUSTICE SHARP delivered the opinion of the Court.

This cause is here on certified questions. It is a companion case to No. 7555, A. H. Belo Corporation, Appellant, v. Thomas L. Blanton, Appellee, (This volume, p. 391) also certified to

this Court. The nature of this cause and the questions certified read:

"Thomas L. Blanton instituted this civil libel suit in Taylor County, Texas, for damages against Clyde L. Garrett and J. W. Cockrill. The plaintiff alleged that defendants 'with a malicious intent and purpose, through concert of action' conspired and agreed with each other to defame him by libelous publications, etc.

"Each defendant filed a plea of privilege to be sued in Eastland County, the county of his residence. The plaintiff filed his controverting affidavit, seeking to hold the venue of the case in Taylor County under exception 29 to the general venue statute, Art. 1995, R. S. 1925. A trial was had before the court and jury on the issues arising out of the plea of privilege and controverting affidavit. At the trial many issues were submitted to the jury and upon the answers to the issues the court rendered judgment sustaining the plea of privilege and ordering the change of venue prayed for. A motion for new trial being overruled, plaintiff prosecuted his appeal to this court.

"November 11, 1938, this Court delivered an opinion in the cause, affirming the judgment of the trial court. On February 3, 1939, appellant's motion for rehearing, and also a motion to certify certain questions to the Supreme Court were overruled. Thereafter, on March 31, 1939, this Court, on its own motion, withdrew its former orders overruling said motion for rehearing and said motion to certify and granted the latter motion. The cause now stands on the docket of this court for further consideration on the motion for rehearing.

"In what may be regarded as a companion case to this one, namely, A. H. Belo Corporation v. Thomas L. Blanton, No. 1848, on the docket of this court, we reversed the judgment of the trial court and remanded that cause. But with the appellee's motion for rehearing therein pending we concluded to certify to the Supreme Court certain questions pertaining to the sufficiency of the allegations in the controverting affidavit in a civil libel suit. That cause (Belo Corporation v. Blanton) is now pending in the Supreme Court on certified questions.

"As to the instant case this Court still entertains the same views concerning questions of proof and pleading as expressed in our original opinion, but since the Supreme Court has permitted the appellant herein to file a petition seeking to mandamus this Court to certify certain questions, thereby suggesting to our minds some doubt on the part of the Supreme

Court as to whether the decision in Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91 is applicable to the instant case we have taken the action hereinbefore stated.

"As stated in our original opinion, the fact of Blanton's residence in Taylor County at the time the libel is alleged to have been uttered is sufficiently presented by specific allegations to be found in the plaintiff's first amended original petition and in his controverting affidavit to the plea of privilege, which, in this case, referred to and adopted the plaintiff's said petition and made it a part of his controverting affidavit. In that respect, the pertinent portions of the controverting affidavit read as follows: 'Now comes Thomas L. Blanton * * and shows that this is a suit for libel and that it was properly brought against said defendants in Taylor County, Texas, where the plaintiff at all times resided at the time of the accrual of the cause of action, and that venue is properly laid and that this court has jurisdiction of said defendants and of this case for the following reasons: (1) Plaintiff alleges * * said defendant published the false and malicious libels of and concerning the plaintiff as set forth in the plaintiff's first amended petition which is now referred to and made a part of this controverting affidavit, the same as if fully pleaded and set forth herein * * and plaintiff alleges that both in his original petition and in his said amended petition he alleged and showed the fact that at the time said false and malicious libels were published and at the time his cause of action accrued against defendants, plaintiff resided with his family * * * in the City of Abilene, Taylor County and State of Texas, and that under the option given him in paragraph 29 of Art. 1995, R. S. 1925, relating to the venue in libel cases, the plaintiff elected to and did properly file this suit in Taylor County, Texas.'

"The controverting affidavit is sworn to, but not the petition, except by adoption.

"From the foregoing, and other portions of the pleading, not necessary to set out here, we concluded in our opinion that in matters of pleading the plaintiff's amended original petition and controverting affidavit were fully sufficient to specifically allege the facts or elements of the alleged libel and that it was uttered, if at all, at a time when said Blanton resided, as alleged, in Taylor County, Texas, the locus of the suit. For the purpose of the following questions, and in this appeal only, we still so interpret the record as against a general demurrer to said pleadings.

"Therefore, with all questions of the sufficiency of the pleadings in the civil libel suit out of the way we are now, as we

were when the original opinion was handed down, still of the opinion that under the authority of Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91; Thompson v. Duncan, 44 S. W. (2d) 508; American Pub. Co. v. Rogers, 65 S. W. (2d) 801; Independent Life Ins. Co. v. Hogue, 70 S. W. (2d) 629; American Fruit Growers Inc. v. Sutherland, 50 S. W. (2d) 898; Commercial Standard Ins. Co. v. Lowrie, 49 S. W. (2d) 933; Highway Motor Freight Lines et al v. Slaughter, 84 S. W. (2d) 533; Jones et al v. Womack-Henning & Rollins, 53 S. W. (2d) 935; and other authorities cited in the majority opinion in Belo Corporation v. Thomas L. Blanton (126 S. W. (2d) 1015) it was necessary for the plaintiff Blanton to prove (under such pleadings) by testimony (other than by merely looking to the allegations of the plaintiff's first amended original petition for the nature of the cause of action), (a) the fact or facts that said plaintiff was libeled by the defendants, and (b) that plaintiff Blanton's alleged residence at the time such libel was uttered, if ever, was in Taylor County, Texas. Except in issue No. 1, the jury's verdict, taken as a whole, was favorable to the defendants. In response to special issue No. 1, the jury found from a preponderance of the evidence that the plaintiff Thomas L. Blanton resided in Taylor County, Texas, at all times from July 16, 1936, down to and including August 23, 1936.

"The fact of residence being thus established and there being no statement of facts or bills of exception in the record to reflect the testimony, if any, to establish that said libel had been uttered against plaintiff during said period of time as alleged, this court concluded that the elements of libel were not shown to exist and, therefore, affirmed the trial court's judgment based on the jury's verdict.

"With these explanations, we now respectfully ask this honorable court:

"1. Was it necessary under such pleadings (in the light of the fact that plaintiff resided in Taylor County at all times when the libel is alleged to have been committed) for the plaintiff to introduce on said trial testimony to establish the alleged elements of the civil libel at such time of residence?

"2. In view of the fact that this case was tried by a jury, who, in response to special issues, found against plaintiff upon the elements of the alleged libel, are such fact findings by the jury controlling upon the trial court in passing upon the venue issues?

"We understand that in such cases the petition may be looked

to for the purpose of ascertaining the nature of the cause of action. In discussing this power or duty on the part of the trial court some opinions refer to the petition as being 'the best and all sufficient evidence of the nature of the action.' Some say it is 'best evidence of nature of the cause of action.' Some, as 'the all sufficient proof of the nature of the cause of action.' Or, the 'best and all sufficient evidence' thereof. Stockyards Nat. Bank v. Maples, 127 Texas 633, 95 S. W. (2d) 1300. While these expressions use the word 'proof' and the word 'evidence' etc. the language in each instance is but the expression of the same thought or matter (nature of the suit) which the court may judicially know from the allegations of the petition. However, the questions herein propounded are designed to call for an answer with particular reference to actual testimony (aside from such matters of judicial knowledge) which it is necessary for the plaintiff to introduce on the trial to sustain the allegations of specific venue facts alleged in the controverting affidavit as the basis for plaintiff's claim for venue in civil libel suits."

The foregoing questions involve the construction of Subdivision 29 of Article 1995 and Article 2007, R. C. S. 1925. In answer to certified questions in the case of A. H. Belo Corporation v. Thomas L. Blanton, (This volume, p. 391) 129 S. W. (2d) 619, supra, the foregoing articles of the statutes were fully discussed in an opinion this day announced by this Court in that case. For the reasons expressed therein, we answer Question Nos. 1 and 2, "Yes."

Opinion delivered June 21, 1939.