## BETTIS v. WATKINS.
### No. 2232.

Court of Civil Appeals of Texas. Waco.

April 11, 1940.

Rehearing Denied May 16, 1940.

Fitzpatrick & Dunnam, of Waco, for appellant.

Cecil R. Glass, of Marlin, for appellee.

TIREY, Justice.

Plaintiff, Mrs. Maize Watkins, brought this suit in the district court of Falls county (it having special jurisdiction of county court matters) to recover the value of a mule killed in a collision with an automobile truck. The defendant, J. M. Bettis, a citizen of McLennan county, seasonably filed his plea of privilege. The trial court exercised his discretion to hear the plea of privilege in connection with the trial of the case on its merits, and on the verdict of the jury, he overruled the defendant's plea of privilege and rendered judgment in favor of plaintiff against the defendant. The parties will be designated here as in the trial court. The judgment of the trial

court in overruling the plea of privilege is assigned as error.

Plaintiff sought to hold venue in Falls county under subdivision 9 of Article 1995 of our Revised Statutes. The grounds of negligence alleged in her first amended original petition were substantially: (1) That the motor vehicle causing the injury and death of the mule was operated at a dangerous and reckless rate of speed in excess of twenty miles per hour, and was being operated upon the left-hand side of the road with respect to the direction in which it was traveling; (2) that the driver of the truck was operating the same on the left-hand side of the highway with respect to direction in which he was traveling and at a rate of speed in excess of twenty-five miles per hour; that said driver saw said mule upon said highway and failed to stop or turn said truck in order to avoid hitting it though he could have stopped the same after discovering said mule with the means at hand had he attempted to do so or could have turned same away from said mule in time to have avoided hitting it; that each of the acts alleged aforesaid constituted gross negligence on the part of the driver, and were the proximate cause of the injuries to said mule. Plaintiff, in her amended controverting affidavit to the plea of privilege, attached the copy of her first amended original petition and marked the same Exhibit "A", and made it a part of said controverting affidavit to the defendant's plea of privilege. Special Issue No. 1 of the court's main charge was: "Do you find from a preponderance of the evidence that immediately prior to and at the time of the collision the defendant's truck was being driven at a dangerous and reckless rate of speed," to which the jury answered in its verdict "No." The jury further found in its verdict (a) that defendant's truck at the time of the collision was being driven upon the left-hand side of the road with respect to the direction in which it was traveling; and further found (b) that the driving of defendant's truck on the left-hand side of the road at the time of the collision was the proximate cause of the collision. The trial court did not submit to the jury the question as to whether the driving of the truck on the left-hand side of the road at the time in question was negligence.

Under the foregoing condition of the record, did the trial court err in overruling defendant's plea of privilege? We think so. Article 801 of the Penal Code is, in part, as follows: "On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead." As we view the above statute, the defendant would not be guilty of negligence per se in driving on the left-hand side of the highway unless, at the time he was so doing, said highway was not clear and unobstructed for a distance of at least fifty yards ahead. Now, in the plaintiff's amended controverting affidavit, the grounds of negligence alleged are the same as set out in her first amended original petition. Our Supreme Court says: "To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception." See A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, point page 621. The court did not submit to the jury the question as to whether or not the driving of the truck on the left-hand side of the road, with respect to the direction in which the truck was traveling, was negligence. It therefore appears to us that, under the verdict of the jury, there is no finding of an affirmative act of negligence against defendant's agent that constitutes a "trespass" within the meaning of subdivision 9 of Article 1995, Revised Civil Statutes. Meredith v. McClendon, Chief Justice, 130 Tex. 527, 111 S.W.2d 1062, point page 1066. In Blanton v. Garrett, 133 Tex. 399, 129 S.W.2d 623, point page 625, the Supreme Court says: "Fact findings by the jury [are] controlling upon the trial court in passing upon the venue issues." We therefore hold that under the decisions of our Supreme Court, plaintiff failed to carry her burden of proving her right to maintain venue in Falls county, and that the trial court erred in overruling defendant's plea of privilege. The judgment of the trial court must therefore be reversed and remanded. See Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, 594, pars. 3 and 4, and the opinion of this court in Jones Fine Bread Co. v. T. D. Smith, Tex.Civ.App., 136 S.W.2d 234. Appellant's plea of privilege is therefore remanded to the trial court for another hearing.

There are many other errors assigned to the judgment of the trial court, including

the question of necessary parties, but we are of the opinion that the other errors assigned will not arise upon another trial of the case, and, for that reason, refrain from discussing them.

The judgment of the trial court is reversed and remanded.