**HILL v. UVALDE CONST. CO.**

No. 2130.

Court of Civil Appeals of Texas. Eastland.

April 18, 1941.

Rehearing Denied May 16, 1941.

Grisham & Grisham, of Eastland, for appellant.

Turner, Seaberry & Springer, of Eastland, and Earnest, Bondies & Flahive, of Dallas, for appellee.

FUNDERBURK, Justice.

Carl Hill brought this suit, in Eastland County, against Uvalde Construction Company, a corporation. The action is one based upon negligence alleged to have been the proximate cause of injuries to plaintiff's wife for which a recovery of damages was prayed. It is assumed that plaintiff's petition was sufficient to state a cause of action which, if it exists, arose in Eastland County.

The defendant filed a statutory plea of privilege to be sued in Dallas County, the place of its residence. This plea was duly controverted upon the sole ground that the cause of action arose in Eastland County and therefore, as against the plea of privilege, the court had jurisdiction under exception 23 to the General Rule of Venue, as prescribed in R.S.1925, Art. 1995.

In a non-jury trial, on the plea of privilege, the court gave judgment sustaining such plea and transferring the cause, from which action the plaintiff has appealed. The parties will be referred to as plaintiff and defendant, the same as in the trial court.

Said exception 23 to the General Rule of Venue as prescribed in R.S.1925, Art. 1995, so far as relied upon, or is here involved, provides that a suit against a private corporation may be brought "in any county in which the cause of action, or a part thereof, arose * * *." Plaintiff's contention, the correctness of which it becomes necessary to decide, may perhaps best be shown by one or two excerpts from the argument in his brief. Plaintiff says that "this hearing [that is, in this court] was approached and is now approached with the full appreciation that the least that was required of the Appellant was to make out a prima facie case." Again, "If this case had been on trial upon its merits, is there any doubt that

under this state of the facts [as previously set forth] the trial court would not have been under the duty to submit the issue of negligence to the jury upon the prima facie case thus made? If so, the burden of proof was so discharged that the court below erred in sustaining the plea of privilege and erred in not holding the case for trial in Eastland County."

If we understand plaintiff's contention as thus indicated, it is to the effect that the evidence made out a prima facie cause of action which arose in Eastland County, Texas, and that that was sufficient regardless of the findings actually made. It seems to be the view of the plaintiff that as to the several elements of the cause of action, which it was contended arose in Eastland County, the extent of the burden upon him was to raise by evidence issues of fact which, if found in his favor, would show the existence of the cause of action. Plaintiff does not seem to consider that his burden extended to include the establishment by undisputed evidence, or by a finding in his favor, of such issues as, for example, "negligence", "proximate cause", etc.

This question we regard as having been determined by the Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. That was a case dealing with exception 9 and the question was whether in a suit, based upon the alleged crime of malicious prosecution, the venue of which was sought to be sustained under said exception 9, more was required than evidence showing prima facie that the crime of malicious prosecution was committed in Stephens County. In the majority opinion of this court on rehearing (Compton v. Elliott, 55 S.W.2d 247, 249) the contention of appellant in that case was stated as follows: "In other words, it is the appellant's theory that, since by his controverting affidavit and proof thereunder, he made a prima facie case based on a crime alleged to have been committed against him in Stephens county, he was therefore entitled to try the case in that forum. More specifically the appellant contends it was only necessary for him properly to raise the issue of whether or not the alleged crime of malicious prosecution had been committed in Stephens county by the defendant in order to be entitled to a trial there on the merits of the suit."

Both the majority and minority opinions in the case were in agreement against the contention of the appellant as above stated.

■ The Supreme Court, answering certified questions, agreed with our views upon that question. Broadly stated, the question in Compton v. Elliott, supra, was whether the proof essential to show that a suit based upon a crime, allegedly committed in a particular county within the meaning of exception 9, included proof that the crime was in fact committed. In effect, it was the decision that it could not have been proved that the suit was based upon a crime committed in a particular county without proof of the actual commission of such crime. In the instant case the question is: Can it be proved that the alleged cause of action to recover damages for negligence arose in Eastland County without proof that there was such cause of action?

In Texas Coca-Cola Bottling Co. v. Kubena, 90 S.W.2d 605, we reached the conclusion that Compton v. Elliott, supra, was conclusive as applicable to exception number 23 here involved. In Blanton v. Garrett, 133 Tex. 399, 129 S.W.2d 623, and A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, the Supreme Court, in effect, held that the decision in Compton v. Elliott, supra, was applicable and controlling where venue of a libel suit was sought to be sustained under the provision of exception 29 that such a suit could be brought in the "county in which the plaintiff resided at the time of the accrual of the cause of action." Certainly, it would seem, if essential proof to show that a plaintiff was at the time of the accrual of a cause of action for libel a resident of a particular county included proof of every element of such a cause of action under exception 29, essential proof that an alleged cause of action for negligence arose in a certain county would necessarily include proof of the elements of such a cause of action under exception 23.

■ If, therefore, as plaintiff seems to admit, the evidence only raised issues of fact as to certain essential elements of a cause of action, then the judge, as the trier of the facts, by the judgment sustaining the plea of privilege, by necessary implication, found such issues against Plaintiff. Plaintiff does not contend that the uncontroverted evidence established, as a matter of law, that the defendant was negligent, or that the alleged negligence was a proximate cause of the injuries. We have, however, reviewed sufficient of the evidence to satisfy ourselves that such issues were not conclusively established against defendant.

Hence, in our opinion, no error is shown in the judgment of the trial court; from which it follows that the judgment must be affirmed. It is accordingly so ordered.