**PETROLEUM PRODUCERS CO. v. STEFFENS et al.**

**No. 2139.**

Court of Civil Appeals of Texas. Eastland.

May 9, 1941.

Rehearing Denied June 20, 1941.

1004

Kilgore & Rogers, of Wichita Falls, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellees.

FUNDERBURK, Justice.

W. Lon Steffens, and others, brought this suit, in Jones County, against Petroleum Producers Company, a private corporation, seeking to recover damages in the total sum of $5,000, for alleged failure of the defendant to drill an offset oil well on a 40-acre lease owned by it in Jones County; and failure to drill four additional wells upon said lease. Plaintiffs were the lessors in said lease. Four producing oil wells were alleged to have been drilled on the lease. It was alleged that there were producing wells on leases adjoining the one in question and within the customary offset distance therefrom. There were allegations to the general effect that there was drilling room on the lease for four other wells which defendant was, in the exercise of ordinary care, required to drill. It is deemed unnecessary to make further statement as to the nature of the suit.

The defendant duly filed a plea of privilege to be sued in Wichita County, the county of its residence. Such plea was answered by a controverting plea of plaintiffs seeking to maintain venue in Jones County under R.S.1925, Art. 1995, exceptions numbered 5 and 23, Vernon's Ann. Civ.St. art. 1995, subds. 5, 23.

Upon hearing, the trial court overruled the plea of privilege, from which action defendant prosecutes appeal to this court.

The appellant contends, as its first ground of error, that appellees did not discharge their burden of proving the venue facts under subdivision 23 of Art. 1995, there being no testimony that a cause of action, or a part thereof, either existed, or existing, arose in Jones County, Texas, in that there was no proof of offset production. It seems to be true that there was no effort to prove and, therefore, of course, no proof of any offset production. In the absence of such fact, we fail to see how there could exist any cause of action to recover damages for breach of the alleged duty to drill an offset well. The question to be determined, therefore, seems to resolve itself into this: Under the provision of exception 23 to the general rule of venue, as such general rule and the several exceptions thereto are provided in R.S.1925, Art. 1995; namely, the provision that "suits against a private corporation * * * may be brought in any county in which the cause of action, or a part

thereof, arose", does the proof necessary to show that the cause of action, or a part thereof, arose in the particular county include proof of every element of the cause of action alleged? In our opinion, except as this question may be complicated by the decision in Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, hereinafter considered, an affirmative answer to said question is so certainly required by the decisions that it is deemed sufficient only to cite some of them as follows: Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Blanton v. Garrett, 133 Tex. 399, 129 S.W.2d 623; A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Texas Coca Cola Bottling Co. v. Kubena, Tex.Civ.App., 90 S.W.2d 605; Associated Seeds Co. v. Scholtz, Tex.Civ.App., 111 S.W.2d 777; Ramey v. Cage, Tex.Civ.App., 90 S.W.2d 626; Blanton v. Garrett, Tex.Civ.App., 124 S.W.2d 451; A. H. Belo Corp. v. Blanton, Tex.Civ.App., 126 S.W.2d 1015; Longhorn Drilling Co. v. Padilla, Tex.Civ. App., 138 S.W.2d 164; Carl Hill v. Uvalde Const. Co., Tex.Civ.App., 151 S.W.2d 283.

In Farmers' Seed & Gin Co. v. Brooks, supra [125 Tex. 234, 81 S.W.2d 677], the first of two questions certified was as follows: "The pleadings and the testimony being sufficient to show that the defendant, at the time of entering the contract with the plaintiff, and at the time of the shipment and delivery of the cottonseed, was a corporation, and that the cause of action, *if any,* arose, in part at least, in Dawson County, Texas, was it necessary in the trial on the plea of privilege for the plaintiff to go further under exception 23 and prove the elements of the lawsuit entitling him to a recovery, including the damages claimed to accrue to him from the alleged breach of the contract?" The court having first answered the second question to the effect that in the trial of a plea of privilege under exception 5 it is not necessary to prove a breach of the contract, (it being held sufficient to prove that the defendant had contracted in writing to perform the obligation sued on in the county where suit was brought) answered said first question as follows: "The answer to the second question in effect answers the first. It is stated in the question certified that the testimony on the hearing was sufficient to show that defendant, at the time the contract was made, and at the time

of shipment and delivery, was a corporation; and that the cause of action, if any, arose in part in Dawson county. It is not contended that the contract was not made. The denial is that it was made performable in Dawson county; also that it was breached. *It having been shown that the issue of breach is not pertinent on the plea of privilege hearing,* only the question as to whether the cause of action 'in part' arose in Dawson county remains to be determined in order to ascertain whether venue arose in that county under exception 23. If the alleged cause of action had not been upon a contract in writing performable in a particular county, another question would be presented. *It appearing from the certificate* that the cause of action upon the contract *arose 'in part'* in Dawson county, the first question is answered in the negative." (Italics ours.)

At the time this court certified said two questions in the Brooks case we entertained no such idea as that evidence required to prove that a cause of action arose in whole or in part in a particular county, within the meaning of said exception 23, included as an essential part thereof, evidence of every element of such cause of action. We then entertained the view, in common with all other courts so far as we know, that proof of the fact that a contract was made, or was breached, in a particular county was, in a suit against a private corporation upon such contract, sufficient proof that the cause of action, in part at least, arose in that county. In question number one we stated as a fact "The pleadings and testimony being sufficient to show * * * [among other things] that the cause of action, if any, arose, in part at least, in Dawson County, Texas" etc. The question asked was not whether it was necessary to prove a cause of action as part of the required proof that such cause of action arose, in part at least, in the county where the suit was brought. The question certified was, in effect, whether *in addition to the fact* that the cause of action arose, in part at least, in Dawson County, it was necessary "to go further under exception 23 and prove the elements of the lawsuit entitling him to a recovery, including the damages claimed to accrue to him from the alleged breach of the contract." The Supreme Court, it would seem, so understood the question, as shown by the fol-

lowing: "The first question inquires whether it was necessary in the trial on the plea of privilege for plaintiff, in order to maintain venue in Dawson county under exception 23, *after showing the cause of action in part arose there, to go further and prove the elements of the lawsuit* entitling him to a recovery, including the element of damages." (Italics ours.) This statement of the question seems to show that it was understood in such way as that no importance was attached to the qualifying words "if any" in the question. Such understanding of the question is further shown by the last sentence of the opinion as follows: *"It appearing from the certificate* that the cause of action upon the contract arose 'in part' in Dawson county, the first question is answered in the negative." (Italics ours.)

We cannot be sure we understand the meaning of all the court said in its answer to the said first question. For example, we are unable to see how it was thought to be true that the "answer to the second question in effect answers the first." In answer to the second question the court had, in substance and effect and very clearly, said that in order to maintain venue under exception 5, the venue issued was "whether defendant had 'contracted in writing to perform' its obligation in Dawson county"; and that whether such contract was breached was not a venue fact. Exception 5, by its very terms, is limited, in its possible application, to cases wherein is involved an obligation of a written contract providing for performance in a particular county. Exception 23 may have application to *any suit* against a private corporation if the cause of action, or a part thereof, arose in the county where the suit is brought. Exception 23 makes no distinction between suits based on contract and suits based upon tort. The court did not mean, of course, to say that regardless of the cause of action involved when exception 5 is applicable exception 23 is also applicable, or vice versa. It would be equally unreasonable, we think, to ascribe to the court the intention to hold that the *place* of performance of a written contract, considered alone, would be material to the venue of any suit under exception 23. Quite obviously, the fact that a written contract provides that an obligation th'ereby imposed upon one of the parties is to be performed in a particular county

would be no evidence at all that any cause of action upon such contract had ever arisen or accrued. How, then, could it be any evidence that a particular county was the one "in which the cause of action, or a part thereof, arose?" Hence, from these considerations, it seems to us, that it is not at all apparent that the court's answer to the "second question in effect answers the first." The meaning of the opinion relating to exception 23 as the basis of the court's answer to said first question is rendered uncertain, rather than clarified, by the further clause reading: "It having been shown that the issue of breach is not pertinent on the plea of privilege hearing" etc. Such showing, it is true, was very clearly made with reference to exception 5. But what bearing could that be supposed to have had as to exception 23? Was that language used as having any reference to exception 23? We think it must not have been so intended. It seems to us that it meant substantially the same as if it had been said: "It having been shown that the issue of breach is not pertinent" to exception 5 "on the plea of privilege hearing, only the question as to whether the cause of action 'in part' arose in Dawson County remains to be determined in order to ascertain whether venue arose in that county under exception 23." Then the court proceeded to tell us that we had already in effect answered that question ourselves by the very statement of the question, as the court construed it. If not, then what did the court mean by saying *"It appearing from the certificate* that the cause of action upon the contract arose 'in part' in Dawson county, the first question is answered in the negative." (Italics ours.) It seems to us that what was said as the basis of the answer to the first question meant, more reasonably than anything else, that since the venue of the case under exception 5 was conclusively shown by a written contract, an obligation of which was by the contract performable in Dawson County, it was unnecessary (as inquired in the first question) "to go further under exception 23 and prove the elements of the lawsuit entitling him to a recovery, including the damages claimed to accrue to him from the alleged breach of the contract."

If, however, such was not the meaning, then it is only material to the question here, whether the court meant to say, in

effect, that in order to sustain venue of a suit upon a written contract under exception 23 if such contract obligated the defendant to perform his promise in a particular county and that county was the one in which the suit was brought, the contract itself was sufficient evidence that the cause of action, or a part thereof, arose in that county. For the sake of argument only, let us assume that such was the holding of the court. Let us suppose a suit is brought upon a written contract in a county in which the obligation of the contract sought to be enforced is performable. The defendant pleads his privilege, and, plaintiff, waiving exception 5, seeks to sustain the venue only under exception 23. Suppose that the written obligation when offered in evidence on its face shows that the time of performance therein provided is a date subsequent to the filing of the suit. Could it be contended that proof of the contract provision fixing the place of performance in the county would be any evidence that the cause of action, or part thereof, arose in the county? How could that be true when the proof showed that no cause of action had ever arisen? How could a cause of action, or a part thereof, shown never to have existed, be said to have arisen in a particular county?

Suppose, again, the suit was upon a written contract, no obligation of which, however, was agreed to be performed in any particular county. In that case, under exception 23, what would be necessary for the plaintiff to prove in order to establish his burden of showing that the cause of action, or a part thereof, arose in the county where the suit was brought? Would proof that the defendant was a private corporation, together with proof of the provisions of the contract, one showing that the contract was made in that county, be sufficient? Would it be wholly immaterial to show any breach of the contract, or any other wrong or default of the defendant? Would not these two supposed cases in principle be wholly indistinguishable?

Now, take for further example a simple tort case, a suit for damages for personal injuries. Would evidence that the defendant was a private corporation and plaintiff was injured in the county where the suit was brought be sufficient to show that the cause of action, or a part thereof, arose in that county? Why require any more

evidence than that, except for the necessity of showing there was a cause of action, as a basis or means of further showing that such cause of action, or a part thereof, arose in that county? Why would the bare fact of injury, in the last case, be not fully as probative of the fact that the cause of action, or a part thereof, arose in the county as the contract recitation in the other two cases that the place where the contract was made, or was to be performed, would be probative of the fact that a cause of action, or a part thereof, arose in such county?

If the Supreme Court meant to hold, as, for the sake of argument, we have above assumed, then, in our opinion, that court has since changed its views. In principle, the precise question, now considered, was decided by the Supreme Court in Compton v. Elliott, supra. In that case it was, in effect, held that evidence sufficient to show that the suit was one based upon a crime committed in Stephens County included evidence showing that the crime had been in fact committed; i. e., evidence of the existence of every element of the crime. The opinion in Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896, was cited and construed as holding, in effect, that because the plaintiff did not prove the essential elements of fraud (exception 7) he did not prove the fact that a fraud was committed. The implied, if not expressed deduction was that for the same reason, without proof that "a crime [substituting crime for fraud] was committed" he (plaintiff) had not proved the place of its commission to have been in Stephens County.

In its answer to the first question in the Brooks case, if the court gave effect to the qualifying words, "if any", in the statement of the question, then the negative answer necessarily meant that it is not necessary to prove that a cause of action ever existed in order to establish the venue fact that such cause of action, or a part thereof, arose in a particular county. It would be unreasonable to ascribe to the court the intention of holding that it was not necessary to prove as a venue fact that the cause of action, or a part thereof, did arise in the county where the venue is sought to be sustained under the particular provision of exception 23. The answer of the court, would, therefore, necessarily sanction this proposition: namely, that the fact that a cause of action arose could

be assumed, without proof, and plaintiff's burden limited to proof that, if so, (i. e., based upon that assumption) such cause of action, or a part thereof, arose in the particular county. That, it is submitted, is directly contrary to the answer to the third question certified in the Compton-Elliott case. Said third question in that case read: "Under the facts as above detailed, was the burden which the law imposes upon the plaintiff to prove the fact or facts to show that the case was within the exception to the general rule of venue, discharged by assuming, without proving, that the crime was committed, and proving by a preponderance of the evidence that, if so, then it was committed in Stephens county?" [126 Tex. 232, 88 S.W. 2d 92.] The practical identity of this question with the first question certified in the Brooks case is made still clearer by what the court said in the Compton-Elliott case relative to said third question thus answered. Said the court: "The conclusion, that the fact of the commission of the crime or offense [or fact that a cause of action arose?] is a part of the venue facts to be proven by the plaintiff, answers in the negative the third question certified. That question presents the position, taken in the dissenting opinion filed by Judge Funderburk in the Court of Civil Appeals, that on the hearing of the plea of privilege it is sufficient for the plaintiff to prove that, if the alleged crime, offense, or trespass was committed, [the cause of action, *if any,* arose?] the same was committed [arose in part at least?] in the county where the suit was brought. Such construction assumes, for the purpose of the hearing, the existence of the important venue fact, the commission of the crime, offense or trespass [the arising of the cause of action?]. That fact cannot be so assumed, because exception 9 [exception 23?] fixes the venue of a suit of this character as being * * * in the county where the *crime,* offense or trespass was committed, [in the county where the cause of action or a part thereof arose?] meaning clearly, we think, where it was in fact committed." [Where the cause of action, or a part thereof, in fact arose?]

■ If the argument could have any weight that the Compton-Elliott decision is not conclusive of the proposition that the proof of a cause of action is a part of the venue facts under the particular provision of exception 23, then certainly, we think,

that question was set at rest in the two Blanton cases, supra. The fact or facts constituting the particular provision of exception 29, relating to libel suits, are stated thus: "A suit for damages for libel * * * shall be brought * * * in the county in which the plaintiff resided at the time of the accrual of the cause of action." It would mean the same, of course, if it read: A suit for damages for libel shall be brought in the county in which the plaintiff resided at the time the cause of action arose. It was held that essential proof of such venue facts included proof of each and every element of the cause of action for libel. The necessary effect of the decision was, simply stated, that plaintiff could not prove that he was a resident of Taylor County at the time of the accrual of the (alleged) cause of action without proving there was a cause of action. Just so, under the particular provision of exception 23, now under consideration, the plaintiff in this case could not prove that the cause of action, or a part thereof, arose in Jones County without proving there was a cause of action. Proof of a cause of action upon a contract necessarily includes, of course, proof of a breach or default on the part of the defendant. Stone Fort Nat. Bank v. Forbess, 126 Tex. 568, 91 S.W.2d 674.

The next question is, whether the facts sustained the venue under exception 5. In Farmers' Seed & Gin Co. v. Brooks, supra, with reference to exception 5 before it was amended in 1935, the court said: "It is settled that, in order to sustain venue of a suit in a particular county under exception 5, the written contract sued upon must alone be looked to in determining whether it is performable in that county; and, if it does not expressly or *by necessary implication* provide for the performance of the obligation sued upon in the county of the suit, venue is improperly sustained." (Italics ours.) It may be, for present purposes, conceded that if the law had remained unchanged the judgment in this case would be sustained on the ground that by necessary implication the obligation was performable in Jones County. The real question arises, therefore, upon the effect of the 1935 amendment of exception 5. Changes italicized, exception 5 now reads: "If a person has contracted in writing to perform an obligation in a particular county, *expressly naming such county, or a definite place therein, by such writing,* suit *upon or by*

*reason of such obligation* may be brought *against him,* either in such county or where the defendant has his domicile." Vernon's Ann.Civil Statutes, Art. 1995, Subd. 5.

It seems evident to us that the purpose of such amendment was to limit the application of exception 5 to suits upon contracts in which the written agreement to perform an obligation in a particular county is an express agreement; and, therefore, to exclude its application to suits upon contracts in which the obligation, if any, to perform in any particular county or definite place therein is only implied, even though such implication be a necessary one. The caption of the amendatory act reads as follows: "An Act amending Subdivision 5 of Article 1995 of the Revised Civil Statutes of the State of Texas, 1925, by distinctly specifying that the *county for the performance of the obligation which is involved in the suit,* must be named by the writing *expressly,* and declaring an emergency." Acts 1935, c. 213. (Italics ours.)

This, we understand, to be the construction which has already been declared in two or more cases. Hamilton v. Booher, Tex. Civ.App., 124 S.W.2d 184; W. T. Rawleigh Co. v. Karnes, Tex.Civ.App., 103 S.W.2d 431.

It follows that in our opinion the judgment of the court below must be reversed and the cause remanded. It is accordingly so ordered.

### On Rehearing.

■ In the original opinion we said: "It seems evident to us that the purpose of such amendment [of exception 5 to the general rule of venue, Vernon's A.C.S. Art. 1995, paragraph numbered 5] was to limit the application of exception 5 to suits upon contracts in which the written agreement to perform an obligation in a particular county is an express agreement; and, therefore, to exclude its application to suits upon contracts in which the obligation, if any, to perform in any particular county or definite place therein is only implied, even though such implication be a necessary one." In the light of plaintiffs' (appellees') constructive criticism in their motion for rehearing, said language appears to require some clarification. We may have assumed that only in the express obligations of a written contract could there be found, expressly named in the writing as required, the county, or definite place therein where the obligation of the contract was agreed to

be performed. If so, such assumption, we now think, was not warranted.

■ If a contract imposing implied obligations expressly provides that all obligations shall be performable in a named county, or definite place therein, then, perhaps, so far as affects the question under consideration, there would be no difference between an implied obligation and an express obligation. Granting this, then the question at issue is, of course, not concluded by the fact that the only obligations sought, by the suit, to be enforced are implied obligations. The issue is concluded, however, we think, by the further fact that the contract here involved contains no provision "expressed in writing" to the effect that any obligation, expressed or implied, shall be performed in Jones County. Upon this decisive fact we rest our conclusion that venue of this suit was not sustained under said exception 5.

The defendant argues this further question (stated in our own way), which we did not discuss in our original opinion. Even if the contract did contain an express provision to the effect that all obligations were to be performed in Jones County, which would include the alleged implied obligations; or, if we be in error in concluding that the contract contains no such express provision, would not the implied obligations here involved be implications *of law* and not *of fact,* and, therefore, their existence not be established by evidence consisting only of the terms of the lease?

We are cited to authorities which seem to us to establish the proposition that the alleged duties or obligations (called implied covenants) of the lessee of an oil and gas lease to exercise reasonable care and prudence to protect the lease from offset drainage; or, once production has been obtained, to develop the lease with reasonable care and diligence, arise only as implications, not of fact, but of law. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S. W.2d 27; 2 Summers Oil & Gas, p. 301, § 395; Law of Oil & Gas by Mills & Willingham, ch. 11, p. 130; Gulf Prod. Co. v. Kishi, 129 Tex. 487, 103 S.W.2d 965; Grubb v. McAfee, 109 Tex. 527, 212 S.W. 464.

The implications, therefore, do not arise merely from the provisions of the lease. The duty, if any, to drill an offset well did not arise until drainage had commenced, or, at least, until there was an immediate pros-

pect of drainage. Of such drainage or prospect there was no evidence. No duty extending to the drilling of additional wells could be shown to exist in the absence of evidence showing, for example, the nature and extent of existing production, or other such facts, none of which was in evidence in this case. The meagerness of evidence outside the provisions of the lease, taken in connection with the lease, forces the conclusion, we think, that the evidence was insufficient to raise as an implication of law and show any duty on the part of the defendant to drill an offset well, or additional wells. The fact of the existence of such duty, if any, not appearing from the terms of the contract, or any other evidence introduced, leaves no escape, we think, from the conclusion that, even under the contingencies mentioned, the evidence as a matter of law failed to show a contract obligation expressly providing that any obligation of the lessee, express or implied, should be performed in Jones County.

Unless answers by the Supreme Court to certified questions shall require a different disposition of plaintiffs' motion for rehearing, this opinion, now tentatively rendered for the information of the Supreme Court, will be made·the opinion of this court disposing of such motion for rehearing after receipt of such answers.