**CRAWFORD v. SANGER et al.**

No. 2193.

Court of Civil Appeals of Texas. Eastland.

Dec. 12, 1941.

Rehearing Denied Feb. 27, 1942.

Kyle ·Vick, of Waco, for appellant.
McCombs & Andress, of Dallas, for appellees.

FUNDERBURK, Justice.

Stella H. Sanger (single), a resident of McLennan County, brought this action in Dallas County against Nellie D. Crawford (single), a resident of McLennan County, and Franklin Life Insurance Company (a corporation), "having", as alleged, "an office and place of business in Dallas County, Texas, with Henry T. Hinsch as its local agent in Dallas County." The nature of the action was a Bill of Discovery, as provided in R.S. 1925, Art. 2002. Plaintiff alleged she was assignee of a final, unsatisfied, still subsisting judgment, rendered January 31, 1930, in favor of her husband, Asher S. Sanger (since deceased), against W. V. Crawford (also since deceased) in the sum of $7,857.91, plus interest and costs. Concerning the information designed to be elicited by nine interrogatories set forth, it was alleged that the plaintiff "has no other source of information except by discovery on the part of said Franklin Life Insurance Company." As to information designed to be elicited by other interrogatories it was alleged that the plaintiff "has no other source of information * * than to secure such information from the defendant Mrs. Nellie D. Crawford, who was the widow of the deceased [judgment] debtor." The prayer, other than for discovery and general relief, was "that after such discovery and upon final hearing hereof she [plaintiff] have judgment for such amount as may be found to be applicable to her judgment."

Defendant, Nellie D. Crawford, · duly filed a plea of privilege which, being contested, was upon hearing overruled.

As setting forth facts to show one or more exceptions to the general rule of venue, the controverting plea, adopting as a part thereof the allegations of the plaintiff's petition, further alleged as follows: "This court has venue of this suit against Nellie D. Crawford by reason of subdivision 4 of Art. 1995, of the 1925 R.C.S. of Texas, and by reason of Sec. 1, Chap. 213, of the Acts of the 44th Legislature of Texas, at its regular session [Vernon's Ann.Civ.St. art. 1995, exception 5], because it is a suit against two defendants, one of whom resides in Dallas County and against one of whom this suit is lawfully maintainable in Dallas County, and the defendant Nellie D. Crawford is a necessary party to such action and that inasmuch as the defendant Franklin Life Insurance Company resides in Dallas County, has an agent in Dallas County, and suit against said company is lawfully maintainable in Dallas County, it is also maintainable against the defendant Crawford."

From the order overruling the plea of privilege, the defendant, Nellie D. Crawford, has appealed, and will hereinafter be referred to as Appellant.

The questions presented for decision in this case may, perhaps, be more clearly set forth and understandably discussed in the light of some preliminary examination of a few matters regarding venue and privilege deemed to be settled by the decisions.

The action of the court in overruling the plea of privilege must be sustained, if at all, on one or the other of two grounds: (1) That the suit was against two or more defendants, and one of them (Franklin Life Insurance Company) had its place of residence in Dallas County; or (2) that venue in Dallas County was sustainable against Franklin Life Insurance Company under some exception to the general rule of venue and Appellant was a necessary party to the (at least one) cause of action alleged against Franklin Life Insurance Company. The reference to "Sec. 1, Chap. 213 of the Acts of the 44th Legislature of Texas at its regular session" must have been an error. That exception being Vernon's Ann. Civ. St. Art. 1995, exception 5, appears to have no application. The subject matter of the Controverting Plea suggests that the intention was to refer to Acts 1927, 40th Legislature, First C.S. p. 197, ch. 72, sec. 2, Vernon's Ann.Civ. St. Art. 1995, exception 29a—"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." We shall assume that exception 29a was the second exception intended to be invoked to sustain the venue.

It is believed that practically no occasion would ever arise for a party to have recourse to both exceptions 4 and 29a to sustain, as against a plea of privilege, the venue of a suit outside of the county of a defendant's residence. If exception 4 is applicable to any suit, then 29a can afford no additional support to the

venue. Practically, the application of exception 29a is restricted to suits wherein the venue is sustainable as to one or more defendants other than the defendant asserting privilege only under some of the exceptions, other than exception 4 to the general rule. In such case, exception 29a permits the joinder of any additional necessary party. When venue is sought to be sustained under exception 29a, there is always at least one other exception involved in connection with which only can 29a be operative. Two well-considered opinions of the Supreme Court rendered one week apart well illustrate the difference between exception 4 and any other exception to the general rule of venue. They are Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5, and Cobb v. Barber, 92 Tex. 309, 47 S.W. 963. It is not inapt to describe exception 29a as changing the law as interpreted in Behrens Drug Co. v. Hamilton, supra, by excepting from its operation any defendant who, although not a resident of the county in which the suit is brought, is a necessary party to the suit. In other words, as to a defendant who is a necessary party to a suit, exception 29a practically abolishes the distinction between Cobb v. Barber, supra, and Behrens Drug Co. v. Hamilton, supra, and such is its only effect. Rule 29a made no change in Cobb v. Barber, applicable to exception 4. It made no change in any other of the thirty or more exceptions to the general rule of venue. First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756. Under exception 29a it is wholly immaterial whether a defendant asserting a plea of privilege be a proper party if he be not a necessary party. Under exception 4 it is wholly immaterial whether a defendant claiming privilege be a necessary party if he be a proper party. Exception 29a was a new and theretofore non-existent exception, but which, as said before, only operates in connection with some other exception. In any case, the venue of which is sustainable, if at all, by the provisions of exception 29a there are two primary matters of inquiry. They are: (1) As to some of the defendants, other than the defendant claiming his privilege, is the venue sustainable, but sustainable only, by reason of an exception to the general rule? (2) If so, then is the cause of action against such defendants one as to which the defendant claiming his privilege is a necessary (not merely proper) party?

■ The rule is that "venue facts" must be pleaded and proved as the necessary basis of a judgment overruling a plea of privilege. "Venue facts" are the facts which, by provision of R.S. 1925, Art. 1995, constitute an exception (or exceptions) to the general right of a defendant to be sued in the county of his residence. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302.

■■ The decisions defining the venue facts comprising exception 4 raise some difficult questions of logical consistency. Apparently there are only two venue facts involved. They are stated in Stockyards National Bank v. Maples, supra, to be [1] "the residence of one of the defendants in the county where the suit is pending and [2] a suit brought against two or more defendants." But, under decisions of the courts, there are one or more other venue facts comprised in exception 4. Whether there is just one more (the fact of the existence of a cause of action against the resident defendant), or whether there are more than one (every element of such cause of action being a venue fact), was for a time a question to which the decisions gave no clear answer. In Stockyards National Bank v. Maples, supra, which involved section 4, it was said "As has been shown, the decisions of the courts have added *another* venue *fact* to those prescribed by the language of exception 4." (Italics ours) Such "another" venue fact thus referred to was the existence of a cause of action against the resident defendant. The court further said: "Proof by the plaintiff that he has a cause of action against the resident defendant is relevant to the issue of venue, in that the plaintiff in making such proof conclusively shows his good faith in the selection of the venue; but proof by the plaintiff that he has a cause of action against the nonresident defendant has no relevancy to the issue of venue." However, the later decisions of the Supreme Court in A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, and Blanton v. Garrett, 133 Tex. 399, 129 S.W.2d 623, especially when read in connection with the majority and minority opinions of the Court of Civil Appeals in the first case (A. H. Belo Corp. v. Blanton, 126 S.W.2d 1015), leave no escape from the conclusion that the "additional" venue "fact" mentioned in Stockyards Nat. Bank v. Maples,

supra, and there stated to have been added by the "decisions of the courts" to "those prescribed by the language of exception 4", has been determined by said later decisions to be not one venue fact, but as many venue facts as there are elements in the cause of action. Boiled down, said decisions recognize that only "venue facts" are in issue in the trial of a plea of privilege; that "venue facts" must be both alleged and proved in order to support a judgment overruling a plea of privilege; that when the existence of a cause of action is essential to support venue, each element of such cause of action must be (1) alleged and (2) proved. Therefore, follows necessarily the conclusion that each element of the cause of action is a venue fact.

■ Now, let us proceed to apply the above interpretations of law, assumed to be settled, to the instant case. Plaintiff's petition was "the best and all sufficient evidence of the nature of" the action. Stockyards Nat. Bank v. Maples, supra. In other words, as to exception 4, the allegations of plaintiff's petition supply "the best and all sufficient" evidence, if any, that the nonresident defendant is properly joined; while as to exception 29a such allegations supply the "best and all sufficient evidence", if any, that the non-resident defendant is a necessary party. It is submitted that in the very nature of the case there can be no other competent evidence of either of said facts. It results, therefore, that if plaintiff's petition fails to state a cause of action from which it appears, as a matter of law, that the defendant asserting a plea of privilege is a necessary party to a suit to enforce such cause of action, the evidence fails to show that such defendant is a necessary party, and, therefore, fails to show that the venue is sustainable under exception 29a.

■ Whether plaintiff's petition in this case be interpreted as asserting one cause of action or more than one, in our opinion the allegations wholly fail to show that appellant is a necessary party to any cause of action. As to the meaning of "necessary" parties, as used in exception 29a, it was said in First Nat. Bank v. Pierce, supra [123 Tex. 186, 69 S.W.2d 757], that: "It is reasonably clear that the term 'necessary parties' is used in the new exception [29a] in the strict sense of the term; that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.' Townes, Texas Pleading (2d Ed.) 258." It may be granted that the petition alleges a cause of action against both defendants for discovery. The very allegations of the petition to the effect that the matters of discovery sought against each can be procured from no other source negatives the idea that either party is necessary to an action to enforce discovery by the other.

■ As to any other cause of action there is not a fact alleged to show that appellant would be a proper, to say nothing of being a necessary, party. According to plaintiff's petition, whether the discovery sought of either defendant, if and when made, should disclose facts upon which plaintiff could assert a cause of action against appellant, it would none-the-less be true that the only competent evidence would fail to show that appellant was a necessary party. On the issue of venue under exception 29a in the absence of such evidence the venue could not be sustained.

We may next consider the questions arising upon exception 4. It may be assumed the cause of action against both defendants for discovery was such as to permit the joinder of both defendants as proper parties. There was nevertheless a total absence of essential evidence.

■ There was no evidence that the defendant Franklin Life Insurance Company was a resident of Dallas County, within the meaning of exception 4, permitting suits to be brought "in any county where one of the defendants resides." The extent of the evidence was that Franklin Life Insurance Company had an office in Dallas County and Mr. Hinsch was its agent. The evidence also showed that it had an agent and office in McLennan County. "A corporation is 'resident' in the state and county where its principal offices are." 10 Tex. Jur. p. 631, sec. 38; Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S.W. 576. There was no evidence that the principal office of Franklin Life Insurance Company was in Dallas County. There was just as much evidence—which was none at all—that the Franklin Life Insurance Company was a resident of McLennan County where all the other parties resided as that it was a resident of Dallas County.

■ Of course, had the pleadings and evidence otherwise established venue under exception 29a, the fact that said defendant

had a local agent in Dallas County would have been sufficient, regardless of whether the legal residence of said defendant was there, and regardless of how many other local offices or agents it had in other counties. But since exception 29a was not applicable because of the absence of evidence that appellant was a necessary party, plaintiff had the burden under exception 4 to establish by competent evidence that the principal office of Franklin Life Insurance Company was in Dallas County.

■ There was an absence of evidence essential to sustain the venue under exception 4 in further respect that there was no evidence that the judgment, to aid in the execution of which the discovery was sought, was a subsisting or unsatisfied judgment. The date of the judgment was January 31, 1930. It was alleged that execution was issued thereon on May 5, 1939, thereby implying, we think, by such specific mention that no other execution had issued. At any rate, there was no fact in evidence to show or support an inference that the judgment was not dormant, as the lapse of time, and such facts as were in evidence, indicated. A dormant judgment will not support an execution—a legal remedy—and we see no reason why equity would not follow the law and require evidence of a judgment not dormant to support discovery in order to effect its execution. The existence of a live judgment was an element of the cause of action for discovery. It was, therefore, a venue fact. A venue fact must be established by a preponderance of the evidence, the same as any other fact necessary to support the judgment of a court. Compton v. Elliott, supra.

It is our conclusion, therefore, that the judgment overruling the plea of privilege should be reversed and the case transferred to the proper court of McLennan County. It is accordingly so ordered.

### On Rehearing.

By an agreed correction of a clerical mistake in the record it is made to appear that execution upon the judgment owned by appellee, Mrs. Stella H. Sanger, was issued May 5, 1930, a few months after the judgment was rendered, instead of "May 5, 1939", as appeared from the record originally. Hence, we withdraw what has been said in the original opinion regarding the dormancy of the judgment. The judgment was not dormant and there was evidence that it was unpaid.

In addition to the burden upon appellee, under exception 4, to prove that Franklin Life Insurance Company had its place of residence in Dallas County—a fact of which as we have said there was, in our opinion, no evidence—appellee had the further burden of establishing each and every element of a cause of action against the Franklin Life Insurance Company. The only such cause of action, if any, alleged which could with any plausibility be contended to be "a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits" (Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304) was the action for discovery. If we may assume the pleading was sufficient, there was no evidence of any cause of action of any kind against the resident defendant.

■ The statement of facts comprises 10 pages. The evidence insofar as it relates to the Franklin Life Insurance Company, with the exception next to be noted, deals exclusively with the question of its having an office and agency in Dallas County and in McLennan County. The exception is that appellant's son testified that he had heard that W. V. Crawford, deceased, had insurance with the Franklin Life Insurance Company but "didn't have any details about dates and amounts and beneficiaries and so on." Appellant alleged that Crawford died during the year 1938. The suit was tried November 4, 1940. There was not a single fact in evidence tending to support a reasonable belief that the Franklin Life Insurance Company then owed anything to the estate of W. V. Crawford, deceased, applicable as payment upon said judgment. Under the evidence considered most favorably to appellant, the action for discovery was shown to be no more than "a mere fishing expedition." Dallas Joint Stock Land Bank v. State, 135 Tex. 25, 137 S.W.2d 993, 995. If venue, under exception 4, may be sustained by such evidence, then it is not true that the plaintiff must allege and prove a cause of action against the resident defendant. An exception to that rule would have to be recognized to the effect that in an action in the nature of a bill of discovery it is sufficient merely to allege a cause of action.

We are unable to see that such an exception should be recognized.

It is our conclusion that the motion for rehearing should be overruled and it is accordingly so ordered.