## UVALDE CONST. CO. et al. v. SHANNON.
### No. 2296.

Court of Civil Appeals of Texas. Eastland.

Oct. 9, 1942.

Worsham, Burrow & Worsham, of Dallas, and Woodruff & Holloway, of Brownwood, for appellants.

Callaway & Callaway, of Brownwood, for appellee.

FUNDERBURK, Justice.

H. M. Shannon, a resident of Brown County, brought this suit against Uvalde Construction Company and Morgan Construction Company, both private corporations, to recover damages for breach of an alleged oral contract for the purchase by defendants and sale by plaintiff of all caliche to be used by the defendants in the construction of roads, streets, etc., in and around Camp Bowie. Each defendant filed a plea of privilege, alleging its place of residence to be Dallas County. Controverting pleas of plaintiff duly tendered as issues the facts necessary to sustain the venue under that provision of R.S.1925, Art. 1995, Exception No. 23, authorizing suits against private corporations to be brought "in any county in which the cause of action, or a part thereof, arose * * *".

Upon hearing, the court below overruled both pleas of privilege, from which action the defendants have appealed.

It is, in effect, admitted that the judgment is correct unless plaintiff had the

burden of establishing the existence of a cause of action (as alleged) against each defendant and failed to do so. Defendants contend, in effect, that the contract as alleged by plaintiff was void, being against public policy, and in violation of the anti-trust statutes; that, therefore, plaintiff had no cause of action against either defendant and hence no cause of action, or part thereof, arose in Brown County.

■ Included in the venue facts in issue which plaintiff had the burden of es-.tablishing were the several elements of the cause of action, if any, alleged in plaintiff's petition as against each of the defendants. The authority for this statement is the decision in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. The rationale of that decision is that under exception 9 (R.S.1925, Art. 1995) the burden of alleging and proving that a particular county was the place in which an alleged crime was committed includes the burden of alleging and proving that the crime was in fact committed. As applied to the particular provision of said Exception 23, hereinabove quoted, it would be correct to say that the burden of pleading and proving that a particular county (Brown County) was the place in which the alleged cause of action, or a part thereof, arose, includes the burden of alleging and proving the cause of action. Texas Coca-cola Bottling Company v. Kubena, Tex.Civ.App., 90 S.W.2d 605; Hill v. Uvalde Construction Company, Tex.Civ.App.; 151 S.W.2d 283. For application of the same principle to Exception 29 (R.S.1925, Art. 1995), see Blanton v. Garrett, 133 Tex. 399, 129 S.W.2d 623; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 W.2d 619.

It remains to consider whether, as contended by defendants, plaintiff failed to prove a cause of action against them. It is not claimed that there was a mere incompleteness of proof; but that the pleadings of plaintiff showed affirmatively that he had no cause of action, because the contract sought to be enforced, being, as contended, contrary to public policy and in violation of anti-trust statutes (R.S.1925, Articles 7426, 7428), was void and unenforcible.

According to plaintiff's petition, defendants, prior to submitting bids for the construction of streets, roads, and parking spaces throughout Camp Bowie, upon the basis of information furnished them by plaintiff, agreed that in the event defendants secured the contract they would pay plaintiff 12¢ per cubic yard for all caliche that was required in such construction for the entire contract in case there was sufficient, proper, and workable caliche deposits on the plaintiff's farm. A part of the consideration for defendants' said promise was alleged as follows: "That * * * Defendants told * * * plaintiff that if he would furnish to them exclusively such information and sell them the caliche in case they should secure the street contract * * * and would not furnish any other prospective bidders such information or sell them the caliche, that in the event they secured the contract for the construction of the said streets, roads, and alleys that they would pay this plaintiff [etc.] * * *.

"That with said information as to price for which they could secure said caliche, and the knowledge of its cheapness and availability, and that said caliche was in ample quantities to supply all their needs, and acting upon said information as a basis upon which to make their bid, the Defendants were successful in securing the contract * * * to build and construct all of the streets, alleys, roads, and parking spaces needed in the construction of the Camp Bowie Military Cantonment."

■■ It seems clearly apparent from the contract, as its provisions are thus alleged in plaintiff's petition, that plaintiff obligated himself not to furnish information concerning caliche to competitors of defendants and not to sell caliche to such competitors in order to enable defendants to procure the contract upon terms more favorable to them. "Contracts contrary to public policy, that is those which tend to be injurious to the public or against the public good, are illegal and void, even though actual injury does not result therefrom", 17 C.J.S., Contracts, 563, § 211. The public good required that the contract be let upon the best terms, from the standpoint of the authority letting the contract, which free competitive bidding would manifest. The contract in question undoubtedly tended to lessen competition and thereby enable defendants to submit the best bid upon terms less favorable to the public than would have been the case in the absence of such contract. The same authority above cited, by way of examples of contracts contrary to public policy in that they tend to be injurious to the public or against the public good, includes

514

contracts to stifle competition for public contracts. Id., page 580, § 215. In our opinion the contract constituting the basis of plaintiff's asserted cause of action is of such character. We are further of opinion that the contract was in violation of R.S. 1925, Art. 7428, defining and prohibiting conspiracies against trade. Hence, upon the issue of venue for both or either of said reasons the evidence failed as a matter of law to show that a cause of action, or any part thereof, arose in Brown County. It is our conclusion that the judgment of the court below should be reversed and the cause remanded with directions that the cause be transferred to the proper court of Dallas County. It is accordingly so ordered.