**HAMMONDS v. HOUSTON ELECTRIC CO. et al.**

**No. 4107.**

Court of Civil Appeals of Texas. Beaumont.

Feb. 11, 1943.

Rehearing Denied March 24, 1943.

Allen, Helm & Jacobs, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellee.

WALKER, Chief Justice.

Appellee, Houston Electric Company, is a corporation with its principal office and place of business in the City of Houston, Harris County, Texas; its principal business is the operation of street buses on the streets of the City of Houston, operating as a common carrier. Douglas Thornton was a resident citizen of Angelina County, Texas, during the time involved in this litigation. On the 16th of December, 1940, Lillian Hammonds, wife of appellant, James Hammonds, was a fare-paying passenger on one of appellee's buses as it was being operated on the streets of the City of Houston, which bus collided with a truck driven and operated by Douglas Thornton. This suit was filed by appellant against appellee and Thornton in the district court of Angelina County, praying for a joint and several judgment against the defendants for damages for the injuries suffered by Mrs. Hammonds in the collision. Appellant plead a joint cause of action against the defendants, alleging negligence and proximate cause. Appellee answered by plea of privilege to be sued in Harris County, which appellant controverted by the statutory affidavit claiming venue in Angelina County under exceptions 4 and 29a of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, §§ 4, 29a. On trial to the court without a jury, judgment was in favor of appellee, sustaining its plea of privilege,

from which appellant has regularly prosecuted his appeal.

■ On oral argument appellant abandoned his proposition of venue under exception 29a and rests his appeal on exception 4, which provides that "if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." To sustain venue under exception 4 against the nonresident defendant, the plaintiff must prove by the preponderance of the evidence, (1) that one of the defendants is a resident of the county where he claims venue; (2) he must plead and sustain by a preponderance of the evidence a cause of action against the resident defendant; (3) he must allege a joint cause of action against the resident and nonresident defendant, or defendants, or a cause of action against the resident defendant so intimately connected with the cause of action against the nonresident defendant that the two causes of action may be joined under the rule preventing a multiplicity of suits. '

■ Appellant's point is that the extent of his burden of proof on the issue of venue was to make out "a prima facie case against the defendant, Douglas Thornton." For the purposes of this opinion, we concede that appellant's evidence raised against Douglas Thornton the issues of negligence and proximate cause plead by him. But the trial court determined that issue against appellant, and the evidence is sufficient to support a finding that Douglas Thornton was not guilty of negligence proximately causing the injuries suffered by Mrs. Hammonds.

The true rule with regard to the proof of venue facts under section 4 is that the plaintiff must prove his venue facts by a preponderance of the evidence to the satisfaction of the court or of the jury trying that issue. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Blanton v. Garrett, 133 Tex. 399, 129 S.W. 2d 623; Crawford v. Sanger, Tex.Civ.App., 160 S.W.2d 115.

It would serve no useful purpose to review the authorities cited by appellant; either they are not in point or have been overruled by authoritative decisions.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.