Paul L. HARRELSON, Appellant,

v.

Charles ARMSTRONG et al., Appellees.

No. 4272.

Court of Civil Appeals of Texas.

Eastland.

Nov. 15, 1968.

Robert E. Ford, Abilene, for appellant.

R. E. Murphey, Coleman, for appellees.

GRISSOM, Chief Justice.

Paul L. Harrelson sued Charles Armstrong and Dub Proctor in Taylor County for $50,000.00 damages which he alleged he suffered as a result of the filing of a false and fraudulent complaint by them against him in Coleman County, the issuance of a warrant by a Justice of the Peace of Coleman County and his arrest by virtue of the Coleman County warrant in Wichita County where he was fingerprinted, searched, photographed and humiliated. Harrelson alleged "Plaintiff is a resident of Abilene, Taylor County, Texas" and that the defendants reside in Coleman County. He further alleged that, in addition to being arrested and taken into custody in Wichita County, he was arrested in the Sheriff's office in Taylor County and forced to remain there until he made a new bond. (As to this allegation the court found that Harrelson was arrested on the Coleman County warrant in Wichita County, fingerprinted and held in jail there until released on bond; that thereafter his insurance company "got off plaintiff's bond requiring plaintiff in—Taylor County—to make a new bond—with the Sheriff in—Taylor County—which was approved and forwarded to the Sheriff where the complaint was filed.")

Appellant's only point is that the court erred in sustaining the defendants' plea of privilege to be sued in Coleman County because this is a suit for the recovery of damages for libel and slander within exception 29 to Article 1995, Vernon's Ann.Civ.St. Appellant expressly limits his argument and authorities to exception 29. Although the court found that Harrelson "is a resident of—Taylor County—and has been domiciled in—Taylor County—for a number of years", it did not find and appellant does not conclusively show that he established the venue facts essential to maintenance of his suit in Taylor County under exception 29. So far as it is applicable here, exception 29 provides that a suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided "at the time of the accrual of the cause of action * * *". To maintain his suit in Taylor County, plaintiff was required to not only allege

but to also prove the accrual of a cause of action and that when it accrued he resided in Taylor County. Blanton v. Garrett, (1939), 133 Tex. 399, 129 S.W.2d 623, 625.

Appellant has not filed a statement of facts. Without such allegations and without a statement of facts, the court having presumably found all venue facts supported by the evidence against appellant and in support of the judgment, we cannot hold that appellant has established the venue facts. The judgment is affirmed.