**WOODMAN et al. v. PLOEGER et ux.**

No. 11437.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 9, 1944.

Henry Greenberg, of Galveston, for appellants.

T. A. Graves, of Cuero, for appellees.

MURRAY, Justice.

This suit was instituted by Leslie Frank Ploeger of DeWitt County against Mrs. Stella Ploeger, also of DeWitt County, and Mrs. Mollie Lillian Woodman and her husband, C. C. Woodman, both of Galveston County, seeking to have custody and care of his five-year-old daughter, Lillian Sylvia Ploeger awarded to him.

Mr. and Mrs. Woodman filed a plea of privilege to be sued in the county of their residence, to-wit, Galveston County. A controverting affidavit was filed invoking the provisions of Subdivision 4 of Art. 1995, Vernon's Ann.Civ.Stats.

The plea of privilege was overruled and the Woodmans have appealed.

Leslie Frank Ploeger and Mollie Lillian Woodman were formerly man and wife. They were divorced in a suit filed in DeWitt County. The custody of their child, Lillian Sylvia Ploeger, has been changed several times. Just prior to the time this suit was instituted there was a judgment in effect in the District Court of DeWitt County which gave the custody of this child to her mother for ten months of the year and to her father or grandmother, Mrs. Stella Ploeger, during the months of January and July of each year. When the child became of school age then the father and grandmother were to have her during the months of July and August.

On January 26, 1944, the trial judge entered an order giving the father custody of the child for the month of February, 1944. The validity of this order was questioned because it was rendered without notice or hearing. However, this matter became moot on March 1, 1944, when the child was returned to its mother in Galveston County. The present suit was filed February 21, 1944, while the child was visiting with its grandmother in DeWitt County.

However, the hearing on the plea of privilege was not had until after March 1, 1944, when the child had been returned to her mother in Galveston County.

Appellees alleged that the grandmother was denying the father the custody of his child and depended upon this cause of action to hold venue in DeWitt County, under said Subdivision 4, requiring a resident defendant.

The findings of fact by the trial judge show that if appellees ever had a cause of action against Mrs. Stella Ploeger the same had become moot at the time of the hearing, because at that time the child had been returned to the custody of the mother in Galveston County.

The first step in retaining venue under Subdivision 4 of Art. 1995, supra, is to both allege and prove a cause of action against the resident defendant. Hammonds v. Houston Electric Co., Tex.Civ.App., 169 S.W.2d 765. The findings not only fail to show a cause of action against the resident defendant, but they affirmatively show that appellees did not have a cause of action against such resident defendant.

The order overruling the plea of privilege will be reversed and judgment here rendered transferring venue of this cause to the District Court of Galveston County, Texas.