### MAASS v. SEFCIK.

### No. 8866.

Court of Civil Appeals of Texas. Austin.
March 6, 1940.

Rehearing Denied April 3, 1940.

898

Murphy & Leslie, of San Angelo, and Paul Petty, of Ballinger, for appellant.

A. K. Doss and W. E. Martin, both of Abilene, for appellee.

BLAIR, Justice.

Appellant, Fritz Maass, sued appellee, Joe J. Sefcik, for $25,000 damages alleged to have resulted: (1) from the malicious prosecution and false imprisonment of appellant by appellee; and (2) from the making 'of false and slanderous statements concerning appellant by appellee; and from an adverse judgment appellant has brought this appeal.

The litigation grew out of the matters of appellant's having, together with his mother, leased a farm and ranch from W. G. Voss for the year 1935, for an agreed money rental secured by a lien on the crops raised. Appellant testified that he signed the lease contract, but that in fact the lease contract was between his father and mother and Voss. Appellant also testified that he sold several bales of cotton raised on the farm to appellee, but that he turned appellee's checks therefor over to his mother; and that he did not know whether she paid

Voss any of the proceeds of the sale of the cotton. Voss sued appellant, his father and mother, and appellee Sefcik, and by judgment and execution thereon compelled appellee to pay some $400 for the conversion of the cotton he purchased, which was charged with the lien of Voss. It was in connection with the efforts of appellee Sefcik to collect from appellant the money he had been compelled to pay on the Voss judgment for the cotton he had purchased from appellant that the alleged action for malicious prosecution and for slander arose.

Appellant alleged that appellee caused two criminal prosecutions to be instituted against him,—one in the justice court of Tom Green county, charging appellant with having fraudulently disposed of mortgaged property; and one in the justice court of Runnels county, charging appellant with the embezzlement of the proceeds of one bale of cotton raised on the Voss farm, which appellant was alleged to have sold and kept the proceeds.

Appellant did not allege that he had been damaged by reason of the filing of the criminal prosecution against him in Tom Green county, but did allege that he was damaged by the filing of the criminal prosecution in Runnels county by being arrested on a warrant issued thereunder and being placed in jail, causing him to lose his job, and causing mental anguish and other items of damages alleged. The grand jury of neither county indicted appellant on the charge filed in either justice court, and each was dismissed.

The jury found that appellee did not cause the filing of the complaint in the justice court of Runnels county charging appellant with embezzlement; and the damages sought on this count of the petition went out of the case.

Appellant alleged, however, that he was also damaged by the slanderous statements made by appellee after the filing of the criminal prosecutions; and the jury found in answer to three special issues submitted that appellee made the following statements to the persons named concerning appellant:

1. "Fritz Maass has illegally disposed of mortgaged cotton worth about $450."

2. "Fritz Maass has illegally disposed of mortgaged property and kept the money."

3. "Fritz Maass is a dishonest person; he disposed of mortgaged property and embezzled the money he got on these checks."

These issues were followed in the court's charge by issue No. 11, by which the court asked the jury to find whether "Fritz Maass has suffered damages by reason of such statements"; to which the jury answered: "No"; and issue No. 12, by which the court asked the jury to find what amount, in money, would fairly and reasonably compensate appellant for his actual damages sustained; to which the jury answered: "None."

The trial court first rendered judgment for appellant for $1 nominal damages and costs of suit; but upon motion of appellee, the trial court set aside the first judgment and rendered the judgment for appellee from which this appeal is prosecuted.

Appellant objected to the submission of issue No. 11, because the answers of the jury to the preceding issues, if found by the jury favorably to appellant, would charge him with a crime and be slanderous per se, and from which damages would result as a matter of law; and the court was requested to so charge the jury and to submit to them only the amount of damages sustained.

The law is settled that in actions for libel or slander, where the words used are libelous or slanderous per se, the law presumes some damages, and that it is not necessary to prove them in order to recover. In such a case the plaintiff is entitled to recover at least nominal damages; and he is not limited to nominal damages where he has shown that actual damages have reasonably and naturally resulted from the defamation. Such was the holding of this court in the case of Freeman v. Schwenker, 73 S.W.2d 609, wherein the same question here presented was decided. See, also, 27 Texas Juris, 690–693, and cases there cited.

Appellee contends, however, that if this court should find that the trial court erred in submitting to the jury the issue of whether appellant sustained any damages, then this court should reverse the judgment of the trial court and render judgment for appellant for $1 nominal damages and for such of the costs of suit as were incurred by him, as provided by Art. 2062, R.S.1925, because no actual damages were shown by the evidence to have resulted from the slanderous statements made by appellee concerning appellant. Such is the rule announced by this court in the Freeman case, supra; and it is applicable to the instant case. See, also, Anderson v.

Alcus, Tex.Civ.App., 42 S.W.2d 294; and Flournoy v. Story, Tex.Civ.App., 37 S.W. 2d 272.

■ There was no evidence as a matter of law from which the jury could have found more than nominal damages to have resulted from the statements found by the jury to have been made by appellee concerning appellant. They were made to two witnesss, who testified in his behalf, and were not shown to have been communicated to any other person. The only damages testified to by these two witnesses, or by any other witness, or by appellant himself, related solely to damages which may have resulted from the arrest and imprisonment of appellant on the charge of embezzlement filed in the justice court of Runnels county. The jury found that appellee did not cause the filing of this criminal prosecution, and such damages were therefore not chargeable to appellee. Appellant sought no damages based on the criminal charge of disposing of mortgaged property, filed in Tom Green county. Appellant himself testified that he signed the note and lease contract, which recited that the note "is secured by a landlord's lien on all crops, including pecans grown on the place." Art. 1558 of our criminal statutes, Vernon's Ann.P.C. art. 1558, provides that one fraudulently disposing of property covered by "any mortgage, deed of trust or other lien, in writing, upon any * * * growing crop of farm produce * * *" is guilty of the offense of disposing of mortgaged property. The lien given by appellant on the cotton in question is in writing; and the statute defines the offense of selling or otherwise disposing of it with intent to defraud the person having the lien as being the "fraudulent disposition of mortgaged property." The lease contract giving the lien is in fact a mortgage within the meaning of the statute. Appellant admitted that he sold the cotton raised on the leased premises to appellee and did not pay the proceeds to the lienholder. He claimed to have delivered the checks given to him by appellee in payment of the cotton to his mother, and that he did not know whether she paid the lienholder any of the proceeds. The lease contract and the note given for the rentals were both admitted to be signed by appellant. He therefore owed the debt secured by the lien on the crops which he sold and did not pay the proceeds to the lienholder.

It is true that appellant claimed to have turned the checks given in payment of the cotton over to his mother after endorsing them; and he also claimed that his mother and father were the actual lessees; but neither of these issues was submitted nor requested to be submitted to the jury. Nor was any issue submitted or requested to be submitted as to whether the mother paid the proceeds of the checks to the lienholder. In consequence, and if material, appellant waived these issues, and must be held to be the lessee or mortgagor who gave the lien in writing on the cotton. He admitted that he sold the cotton in question and did not pay the proceeds on the note secured by the lien on the cotton. And in any event no actual damages were shown to have resulted from the statements made by appellee concerning appellant.

In answer to special issue 3-D, the jury found in effect that appellant was "guilty of the offense of disposing of mortgaged property." The only objection to the submission of this issue was that since the truth of the statements of appellee was not plead, the trial court should have instructed the jury that appellant was not guilty of selling mortgaged property. The effect of the first judgment rendered by the trial court was to hold that appellant was not guilty of selling mortgaged property. That is, the trial court apparently did not regard this finding material, and rendered judgment for $1 nominal damages and costs of suit. This first judgment was set aside on motion of appellee, and judgment was then rendered that appellant take nothing by his suit.

■ We hold that the statements made by appellee are slanderous per se, and that the first judgment rendered by the trial court is correct, except as to costs, which should have been assessed under the terms of Art. 2062, which provide that "in civil actions for * * * slander and defamation of character, if the verdict or judgment shall be for the plaintiff, but for less than twenty dollars, the plaintiff shall not recover his costs, but each party shall be taxed with the costs incurred by him." In this conclusion we hold that the evidence as a matter of law only established nominal damages as resulting from the slanderous statements found by the jury to have been made by appellee concerning appellant.

■ By several propositions appellant complains of the admission of certain evi-

dence and of argument of counsel of appellee to the jury. None of these complaints relate to or bear upon the question of the amount of damages to appellant by reason of the slanderous statements. And since appellant proved no actual damages as a matter of law which reasonably and naturally resulted from the slanderous statements, the error or errors presented by the aforementioned assignments must be held to be harmless.

In accordance with our above conclusions, the judgment of the trial court is reversed and judgment is here rendered for appellant for $1 nominal damages and for the costs incurred by appellee in the trial court, and for all costs of this appeal, except those incurred by appellant in perfecting the record herein, which additional record, relating to a former trial of this case, is not material to any issue raised on this appeal from the second trial of the case, and these last-named costs are taxed against appellant.

Reversed and rendered.