## PANHANDLE PUBLISHING CO., Inc. v. FITZJARRALD.

### No. 5942.

Court of Civil Appeals of Texas. Amarillo.
Nov. 8, 1948.

Motion for Rehearing Overruled
Dec. 13, 1948.

Sanders, Scott, Saunders & Smith, of Amarillo, for appellant.

Hamilton & Deaver, of Memphis, for appellee.

STOKES, Justice.

Appellee, J. O. Fitzjarrald, instituted this suit against the appellant, Panhandle Publishing Company, on the 28th of July, 1948, in which he sought damages for alleged libel. Appellant is a private corporation and publishes a daily newspaper at Amarillo, known as "The Amarillo Times", which is circulated in Hall County, the county of appellee's residence. Appellee was the county attorney of Hall County at the time of the publications complained of and he alleged a number of items and statements published by appellant which constituted the matter complained of as being libelous. On August 17, 1948, appellant filed a plea of privilege to be sued in Potter County, the county of its residence. The plea was controverted by appellee and a hearing thereon resulted in the order and judgment of the court overruling the plea of privilege from which appellant has perfected this appeal.

The principal complaint urged by appellant is that appellee did not establish upon the hearing that he had a cause of action against appellant. It contends that the testimony introduced to establish his cause of action consisted principally of ex-

cerpts from various articles published in appellant's newspaper and that the court could not, therefore, determine whether the statements contained in the excerpts were libelous or not. It contends that, in order to determine that question, it was necessary for the entire articles containing the excerpts pleaded by appellee to be introduced in evidence and, without them, appellee could not establish the alleged libelous nature of the excerpts introduced and the court could not determine the question of their libelous nature.

In Times Publishing Company v. Ray, Tex.Civ.App., 1 S.W.2d 471, it was held that the plaintiff had a right to declare on any portion of the published article he conceived to be libelous but, in determining whether or not the portion complained of was libelous, the words and phrases conceived and alleged to be libelous should not be considered separate and apart from their settings, but should be construed with reference to the entire news item. Upon the hearing of the plea of privilege in this case appellee offered in evidence the entire newspapers containing the articles which he alleged to be libelous. Appellant objected to the introduction of the entire newspapers and appellee's counsel, with the permission of the court, encircled with a red pencil the portion of each newspaper set out in the pleadings of plaintiff as being that portion which he desired introduced. Appellant's objection was that the words, phrases and paragraphs introduced were not sufficient because appellee had lifted them out of the articles containing the alleged libelous matter and their settings with reference to the entire articles of which they were a part were, therefore, not available to the court. There is no testimony in the record to establish this assertion. True, appellant objected to it upon that ground, but, as the record is presented to us, the portion introduced was lifted out of the newspapers and, as far as the testimony shows, they constitute the entire articles.

In his controverting affidavit appellee pleaded a number of paragraphs containing statements which he contends were libelous. When considered alone and without explanation or innuendo, only one of them could be considered libelous per se and no testimony was introduced which established appellee's allegations and innuendos that they were of such character as to make them libelous. Since the question to be determined is whether or not appellee established a cause of action against appellant, we will consider only the one published statement which does not come within the class of libel which demands innuendo, or proof of resulting injury. It is as follows:

"But, upon the hill, the southeast section of town where the negroes live, at least eight negroes interviewed by newsmen told a story of living in terror of the Hall County Attorney and law enforcement officers. They declared sheriff's officers and county attorney paid almost nightly visits to 'the hill'. They said Fitzjarrald once fired several shots close to the feet of a negro 'just to scare him'."

The testimony showed that appellee was the county attorney and other published statements alleged and shown by the evidence established "the hill" as being a section of the town of Memphis, which is the county seat of Hall County. In our opinion, this published statement was sufficient to establish a cause of action against appellant and that it was libelous per se unless it was further established that it was true. Appellee testified positively that he committed no such act and appellant introduced no testimony that established its truth. Article 5432, Subdivision 4, permits a fair and reasonable comment or criticism of the acts of public officials for general information, but it cannot be said that the publication of a false statement that the county attorney was guilty of the conduct concerning the firing of several shots close to the feet of another person for the purpose only of scaring him is a fair and reasonable comment or criticism of official acts of public officers. Otherwise, of course, if the statement is shown to be true. It is well established by a long line of decisions of the courts of this state that it is libelous per se to impute to a person in his official character any kind of fraud or misconduct if it be shown that the

publication had reference to the office. It is also libelous per se to impute to an officer, in his official character, a want of integrity or charge him with conduct unbecoming an officer and, in our opinion, the publication of such an act as that charged against appellee is charging him with misconduct, not to say a violation of the law. Cotulla v. Kerr, 74 Tex. 89, 11 S.W. 1058, 15 Am.St.Rep. 819; Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874; Jenkins v. Taylor, Tex.Civ.App., 4 S.W.2d 656; Express Pub. Co. v. Wilkins, Tex.Civ. App., 218 S.W. 614; Galveston Tribune v. Johnson, Tex.Civ.App., 141 S.W. 302.

In the case last cited it was said: "If the defamatory publication was such that it necessarily must, or as a natural and probable result thereof would, tend to injure the reputation of a living person or expose him to public hatred, contempt or ridicule, or to impeach his reputation, such defamatory publication is libelous per se." In our opinion the paragraph above quoted was such that, as a natural and probable result, would tend to injure the reputation of the appellee and expose him to public contempt and ridicule. That it would impeach his reputation both as an officer and as a citizen cannot be questioned and, if the truth of such a statement is not established, it is libelous per se. When it was alleged and established as having been published by the appellant and the undisputed evidence showed it was not true, appellee established his cause of action.

The effect of the filing of a plea of privilege by appellant and the controverting plea filed by the appellee was to impose upon appellee the burden of proving upon the hearing of the plea of privilege that a cause of action for libel in fact accrued in his favor. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732.

In our opinion appellee failed to prove a cause of action as to the other allegations of libel contained in his controverting affidavit but it was not necessary that he establish a cause of action on all of the grounds alleged by him.

From what we have said it follows that, in our opinion, appellant's plea of privilege was overcome by the allegations and proof, and the order of the court below overruling the same will therefore be affirmed.