Benigno BARRERA, Appellant,

v.

Inez Garcia de RUIZ et al., Appellees.

No. 15865.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1957.

Rehearing Denied Jan. 17, 1958.

Emilio F. Gutierrez, Rio Grande City, and Frank R. Nye, Jr., Rio Grande City, for appellant.

Emanuel Gassman, San Antonio, for appellee.

BOYD, Justice.

Appellees Inez Garcia de Ruiz and Aniceta Garcia Barrera recovered judgment canceling a deed signed by them, purporting to convey to appellant Benigno Barrera a tract of approximately 13 acres of land, which deed they alleged was procured by the fraud of appellant. In addition to a general denial, appellant pleaded laches and the four and ten year statutes of limitations.

Trial was to the court, and findings of fact and conclusions of law were filed. It was found that: appellant was a nephew of appellees; appellees were advanced in years, totally illiterate, and neither could see or hear well; on May 21, 1936, appellant procured the deed by fraud in that he told appellees that the instrument was a permit to build a fence; no consideration was paid to appellees; they did not learn that the instrument was a deed until July, 1955, and suit was filed about thirty days thereafter; they did not know until July, 1955, that appellant claimed the land by adverse possession, and until then believed that appellant was living on the land only by their permission, and had no reason to believe otherwise. It was concluded that: appellant was guilty of fraud and misrepresentations in procuring the execution of the deed and the deed ought to be canceled; the pleas of limitations are not applicable; appellant did not hold the land by adverse possession, but his use and occupancy was by the permission of appellees; appellant was estopped to plead limitations and it would be inequitable to allow him to do so because of his fraudulent actions; suit was filed with reasonable celerity after appellees learned of appellant's fraudulent action; the plea of laches was not applicable; appellant's

condition had not changed during the time of appellees' inaction; appellees had no reason to suspect that appellant would try to defraud or deceive them; the recordation of the deed was not constructive notice to appellees that appellant claimed the land, and they were not bound to examine the records; the fraud in the procurement of the deed is fatal to the deed.

Appellant contends that the court erred in refusing to strike the testimony of the appellees because they were incompetent to testify, their testimony was impeached by their deed, and appellant was not allowed proper cross-examination; that appellees failed to meet the quantum of proof required to set aside the instrument on grounds of fraud; and that it was error not to find for appellant under his pleas of limitations.

Appellees were twin sisters and about 98 years of age at the time of the trial. Neither could read nor write. Both testified that the paper was not read to them, and that they believed appellant's statement that it was a permit to build a fence. They testified that appellant took each by the hand and held it while each made a mark on the paper. Appellant was living on the land when it was partitioned from a larger estate and set aside to appellees. He continued to live on it with their permission, and was so living on it when the deed was procured. It seems that he paid no rent before or after the date of the deed.

█ █ We fail to find anything to show that appellant was denied an opportunity for proper cross-examination of any witness. Nor do we think it is shown that either of the appellees was incompetent to testify. It is true that they sometimes appeared to misunderstand the questions put to them by an interpreter, but on the whole they gave what seem to be satisfactory answers and explanations. It was the province of the court to weigh their testimony, and to resolve its conflicts and inconsistencies. Reserve Life Insurance

Co. v. Everett, Tex.Civ.App., 276 S.W. 2d 926; Moser v. McLemore, Tex.Civ. App., 266 S.W.2d 253; Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696.

█ █ It seems to be settled that a person may be estopped to plead limitations, and we think the court correctly held that appellant was estopped. 34 Am. Jur., p. 323, sec. 411; Elsesser v. Cotham, Tex.Civ.App., 250 S.W.2d 591; Brady v. Garrett, Tex.Civ.App., 66 S.W.2d 502. We do not think that appellees were bound to make a search to see if there was recorded a deed to their property or that such record put them on notice of an adverse claim. Cox v. Clay, Tex.Civ.App., 237 S.W.2d 798.

Without setting it out, it is enough to say that the evidence is ample to support the findings of the court; and, no error appearing, the judgment is affirmed.