EXPRESS PUBLISHING COMPANY,
Appellant,

v.

Enrique G. GONZALEZ, Appellee.

No. 13434.

Court of Civil Appeals of Texas.

San Antonio.

July 7, 1959.

Rehearing Denied Aug. 12, 1959.

Perkins, Floyd & Davis, Alice, Denman, Franklin & Denman, San Antonio, for appellant.

A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, Gordon Gibson, Laredo, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Express Publishing Company from an order of the District Court of Starr County, Texas, overruling its plea of privilege to be sued in Bexar County, the county of its domicile.

This suit was instituted in the District Court of Starr County by Enrique G. Gonzalez, seeking to recover damages for the publication of an article by the Express Publishing Company alleged to be libelous of him. The article was published in the San Antonio "Sunday Express and News" on December 22, 1957, and reads as follows:

"Sisters Win Oil Land Suit

"Ninety-nine-year-old twin sisters, perhaps the oldest twins in the United States, Saturday had won their suit for 13, acres of oil-rich land in Starr County.

"The sisters, Inez Garcia Ruiz, and Aniceta Garcia Barrera, had alleged that the land was fraudulently taken from them by a nephew, Benigno Barrera and Enrique G. Gonzalez, both of Starr County.

"The women said they signed a deed to the land when Barrera represented it as a document permitting him to erect a corral fence there. The sisters cannot read or write Spanish or English.

"Judge C. K. Quinn in 45th District Court last year returned the sisters the land, which had been in their family since a Spanish grant.

"Saturday it was announced the appeals court had ruled against Barrera and Gonzalez.

"The sisters' address was listed as 2605 Guadalupe Street, San Antonio."

Express Publishing Company filed its plea of privilege in statutory form, to be sued in Bexar County, its domicile, and Enrique G. Gonzalez, in due time, filed his controverting affidavit, seeking to maintain venue of this case in Starr County, under the provisions of Section 29 of Article 1995, Vernon's Ann.Civ.Stats., reading as follows:

"Libel or slander.—A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

It has been definitely held in this State that where a plaintiff seeks to maintain venue in the county of his residence against a nonresident defendant in a libel suit under the provisions of said Section 29, he must both allege and prove that a cause of action accrued in his favor against the defendant in such county, and that he was a resident of the county at the time such cause accrued. Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732; Blanton v. Garrett, Tex.Civ. App., 124 S.W.2d 451, certified questions answered 133 Tex. 399, 129 S.W.2d 623; A. H. Belo Corporation v. Blanton, Tex. Civ.App., 126 S.W.2d 1015, certified questions answered 133 Tex. 391, 129 S.W.2d 619; Creswell v. Pruitt, Tex.Civ.App., 239 S.W.2d 165; Panhandle Publishing Co. v. Fitzjarrald, Tex.Civ.App., 215 S.W.2d 659,

mandamus overruled; Walker v. Martin, Tex.Civ.App., 129 S.W.2d 1149.

Article 5432, Vernon's Ann.Civ.Stats., reads in part as follows:

"The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis of any action for libel.

"1. A fair, true and impartial account of the proceedings in a court of justice, unless the court prohibits the publication of same when in the judgment of the court the ends of justice demand that the same should not be published and the court so orders, or any other official proceedings authorized by law in the administration of the law."

█ The controverting affidavit of Gonzalez and his amended petition, which he had made a part of his controverting affidavit, show on their face that the alleged libelous article was published by appellant, Express Publishing Company, in an attempt to report the proceedings in a court of justice, or proceedings authorized by law in the administration of the law. The burden of proof was therefore upon appellee to both allege and prove by the preponderance of the evidence that the article complained of was either unfair, untrue or partial. Appellee undertook to establish that the statement that the twin sisters had alleged in their cause of action, that both he and Benigno Barrera had "fraudulently taken from them" thirteen acres of oil-rich land in Starr County, was unfair, untrue and partial. In the original petition filed by the twin sisters this allegation is found. However, after appellee had filed a motion for summary judgment, the twin sisters asked leave of the court to take a nonsuit as to Gonzalez, which request was granted by the court and an order entered to that effect. Thereafter the twin sisters filed their first and second original amended petitions in which the name of appellee

was not mentioned, and the case went to trial upon their second amended petition. It is apparent that after taking a nonsuit the twin sisters abandoned their original petition in which the allegation against appellee had been made.

The suit filed by the twin sisters in the District Court of Bexar County, was Cause No. F–95,430, styled Inez Garcia Ruiz et al. v. Benigno Barrera et al. The cause was heard on February 25, 1957, by District Judge C. K. Quinn and judgment rendered restoring the thirteen acres "of oil-rich land" to the twin sisters. An appeal was taken from this judgment to the San Antonio Court of Civil Appeals, and transferred to the Fort Worth Court of Civil Appeals by the Supreme Court upon an equalization of dockets, and the case was decided by that Court on December 20, 1957. Barrera v. Ruiz, 308 S.W.2d 578. The appeal was by Benigno Barrera and Enrique G. Gonzalez was one of the sureties on his cost bond. The Fort Worth Court of Civil Appeals on December 20, 1957, rendered judgment affirming the judgment of the trial court and adjudging the court costs against Barrera, Gonzalez and the other surety on the cost bond.

█ The article alleged to be libelous is undoubtedly a report concerning official proceedings, authorized by law in the administration of the law, and if fair, true and impartial, it is privileged and cannot form the basis for a libel suit. Art. 5432, Vernon's Ann.Civ.Stats. The word true as used in the above article really means correct. Let us examine the statement and see if it is a fair, correct and impartial statement of what happened in Cause No. F–95,430, styled Ruiz et al. v. Barrera et al. The article must be read as it would be understood by an ordinary average reader of the paper. When this is done the article would seem to say that both Barrera and appellee were charged with fraud and that the land had been restored to the twin sisters by Judge C. K. Quinn, and further that the Fort Worth Court of Civil Ap-

peals had held against both Barrera and appellee upon such charge of fraud. Unless the article was privileged under the statute, it would be libelous if untrue. The article was literally true, in that the twin sisters had charged Gonzalez with fraud in their original petition and the Fort Worth Court of Civil Appeals had found against Gonzalez as to court costs. The publication to be privileged must not only be literally true, but it must also be fair and impartial.

■ In their original petition, the twin sisters stated, in effect, that both Barrera and Gonzalez had defrauded them out of their oil-rich land. The petition was filed in August, 1955. As soon as Gonzalez was served with citation, on September 1, 1955, he filed a motion for summary judgment as to himself. This motion was set for hearing on September 19, 1955, and on that date the twin sisters came into court and asked leave to take a nonsuit as to Gonzalez, which was granted by the court and an order to that effect entered on the minutes. The sisters thereafter filed a first amended original petition, and on April 9, 1956, filed a second amended original petition, which was the pleading on which the case went to trial. In the amended petition the name of Gonzalez was not mentioned, and he was not thereafter charged with any fraud. It is unfair for appellant to go back to the original petition which had been abandoned and publish that Gonzalez had been charged with fraud, and not mention the fact that a nonsuit had been taken by the twin sisters as to Gonzalez and an order entered upon the minutes showing such nonsuit, and that the amended petition contained no reference whatever to Gonzalez, and we cannot say that such article was a fair report of the proceedings. Where a publishing company merely quotes the language used in the opinion of the Court, as was done in Wick v. Express Pub. Co., Tex.Civ.App., 75 S.W. 2d 478, or where it only copies the purpose of the suit as endorsed by the Clerk upon the docket of the Court, where the law makes it the duty of such Clerk to endorse

the purpose of the suit, as it did in A. H. Belo & Co. v. Lacy, Tex.Civ.App., 111 S.W. 215, is one thing, but for the publishing company to make its own search through the pleadings and select what it will publish from an abandoned pleading without showing such fact, is another thing. Stevenson v. News Syndicate Co., 302 N.Y. 81, 96 N.E.2d 187; Lee v. Brooklyn Union Pub. Co., 209 N.Y. 245, 103 N.E. 155; Sutton v. A. H. Belo & Co., Tex.Civ.App., 64 S.W. 686. We are unable to say that the article was fair in not stating that the twin sisters had taken a nonsuit as to Gonzalez and had filed an amended pleading in which his name was not mentioned. The original petition was no part of the proceedings had in the trial court or in the appellate court.

Neither do we think it was fair for appellant, after being unfair in not mentioning the nonsuit, to say that the appellate court had held against Gonzalez, thereby indicating that he had been adjudged guilty of fraud, without going further and saying that the appellate court had only held against Gonzalez as to costs.

The article complained of by appellee, Gonzalez, was not a fair statement of the pleadings and proceedings had in Cause No. F–95,430, but, on the contrary, was an unfair statement, not protected by the provisions of Article 5432, Vernon's Ann.Civ. Stats., declaring a "fair, true and impartial account of the proceedings in a court of justice" or "official proceedings authorized by law in the administration of the law" to be privileged. Sutton v. A. H. Belo & Co., supra; Houston Chronicle Pub. Co. v. McDavid, Tex.Civ.App., 173 S.W. 467.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.

BARROW, Justice (concurring).

The record shows that the alleged defamatory statement in which appellee, Enrique G. Gonzalez, was charged with having been guilty of a fraud, was taken

from plaintiffs' original petition. That after appellee answered, the plaintiffs voluntarily took a nonsuit as to appellee, and the court entered a judgment dismissing appellee from the cause. Thereafter the case was tried upon an amended petition against Barrera alone. In my opinion, when that order was made, Gonzalez ceased to be a party to the suit, and the pleading, so far as any charge against him was concerned, ceased to be a part of a judicial proceeding. Therefore, the statement and charges therein made were not privileged under Article 5432, Vernon's Ann.Civ.Stats. Sutton v. A. H. Belo & Co., Tex.Civ.App., 64 S.W. 686; Houston Chronicle Pub. Co. v. McDavid, Tex.Civ.App., 173 S.W. 467.

I concur in the affirmance of the judgment.