Harry P. HORNBY, Jr., Individually and d/b/a The Uvalde Leader-News, Appellant,

v.

Curtis P. HUNTER, Appellee.

No. 81.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 3, 1964.

Rehearing Denied Dec. 31, 1964.

John A. Mobley, of Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

William Brode Mobley, Jr., Corpus Christi, for appellee.

NYE, Justice.

This is a libel suit on appeal from an order overruling a plea of privilege. The appellee Curtis H. Hunter instituted this suit against Harry P. Hornby, Jr., the appellant, individually and d/b/a The Uvalde Leader-News, for damages, alleging that he had been libelled by the publication of an article in the Uvalde Leader-News, a newspaper published bi-weekly by the appellant. Hunter is a resident of Nueces County, Texas, and the appellant is a resident of Uvalde County, Texas, at which place he publishes the Uvalde Leader-News. The suit was filed in Nueces County, Texas.

The news story which forms the basis of Hunter's suit was, according to the appellant, a report made to the newspaper by a deputy sheriff of Uvalde County. The article printed on the front page of the paper reads as follows:

"STOLEN CAR FOUND IN SABINAL

"Clarence Large, Deputy Sheriff of Uvalde County, reported that a stolen 1959 Cadillac was discovered on the Jack Griffin ranch, five miles northeast of Sabinal, Saturday, October 5.

"The car was stolen in Corpus Christi according to Large. The lawman reported that he and Texas Ranger Levi Duncan were checking the area when they discovered the automobile. They radioed to their headquarters in Uvalde to see if the car had been stolen and received an answer from the Hondo Sheriff who was monitering the call. It appeared that the car had been stolen and that a warrant for C. H. 'Curly' Hunter of Corpus Christi had been issued in connection with the theft.

"Hunter and another man, Al Smith, had previously leased the pasture where the car was found. The seven room house on the lease was well stocked, according to Deputy Large, with food, ammunition, a radio and TV set."

Hunter filed a controverting affidavit contending that he is entitled to maintain his suit in Nueces County against the appellant by virtue of the provisions of Exception No. 29 of Article 1995, Vernon's Ann.Tex.St. This imposes upon Hunter the burden of proving that a cause of action for libel in fact accrued in his favor. Perry

.v. Donaho, Tex.Civ.App., 358 S.W.2d 253 (1962); Express Publishing Company v. Gonzalez, Tex.Civ.App., 326 S.W.2d 544 (1959, wr.dism.); Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732 (Com.App.1942, Opinion adopted by Sup.Ct.); A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939). We hold that appellee Hunter has met this burden.

The trial court filed findings of fact and conclusions of law as follows: That Hunter is a resident of Nueces County, Texas, and was a resident of said County on October 13, 1963, the date the article appeared; that the appellant is a resident of Uvalde County, Texas, and is doing business as and is the owner of the Uvalde Leader-News which is a locally owned, independent newspaper in said County; that the newspaper has a circulation of around 3900 copies which extends into South Texas and into Nueces County; that the appellant published the article set forth above; that C. H. "Curly" Hunter was identified as being the person, and the only person, to whom said article was referring; that the 1959 Cadillac automobile referred to in said article had been in the custody, control and possession of Hunter and his wife for about a year preceding the publication; that Hunter did not steal the automobile referred to in the article and that no complaint had been filed and no warrant issued for the arrest of C. H. "Curly" Hunter for the theft of a 1959 Cadillac automobile in Corpus Christi, Texas. The court concluded that the article alleging and imputing the theft of the 1959 Cadillac automobile by Hunter is not true and that the article is defamatory and libelous per se.

■ The appellant raised six points upon which the appeal is based. The appellant complains that the trial court erred in concluding that the article in question was defamatory and libelous per se for the reason that there is no evidence to support the same, and that Hunter failed to prove that he suffered any damage by reason of such publication. The appellant admits that there was no indictment pending in Nueces County against C. H. "Curly" Hunter for the theft of a Cadillac automobile. Appellant argues that the article does·not state that Hunter stole said automobile but only ·relates to the fact that a warrant had been issued against Hunter of Nueces County. Appellant proved that there was pending an indictment against "Curly" Hunter for receiving and concealing stolen property but it was developed in the testimony that the complaint did not involve an automobile. In view of our holding herein, the indictment concerning another criminal offense remote and unconnected with the publication before this Court would not be a defense to the libel published even though the offenses are of a similar character. Art. 5431, V.A.T.S.; Herald News Co. v. Wilkinson, 239 S.W. 294 (Tex.Civ.App.1922, Dism. w.o.j.); 36 Tex.Jur.2d 340, § 54.

■ The article begins with the headline which states "Stolen Car Found in Sabinal." The article goes on to say that: "It appeared that the car had been stolen and that a warrant for C. H. 'Curly' Hunter of Corpus Christi had been issued in connection with the theft." It is not necessary that the publication of a charge of violating a criminal statute be made in a technical manner the same as might be required of an indictment. It is sufficient on reading the article that an ordinary person would draw a reasonable conclusion that the complaining party was charged with a violation of some criminal law. Easley v. Express Publishing Co., 299 S.W.2d 782 (Tex.Civ.App. 1957, ref. n. r. e.); 36 Tex.Jur.2d 292, § 8. The trial court took judicial knowledge that the venue statute concerning felony theft of an automobile in this case would be filed in Nueces County. The Assistant District Attorney for Nueces County testified that after checking his records concerning the theft of a 1959 Cadillac automobile that there was no complaint or warrant issued against C. H. "Curly" Hunter for the theft of a 1959 Cadillac automobile.

We hold that the subject article does impute to Hunter the commission of a crime for which punishment by imprisonment in jail or the penitentiary may be imposed and is, therefore, libelous per se. Belo v. Fuller, 84 Tex. 450, 19 S.W. 616 (1892); Pridemore v. San Angelo Standard, Inc., 146 S.W.2d 1048 (Tex.Civ.App. 1941, wr. dism., jud. cor.); Warren v. Hill, 77 S.W.2d 322; 36 Tex.Jur.2d 288, § 7. It is not necessary to prove actual damages where the words used are libelous per se. The law presumes actual damages. Bell Pub. Co. v. Garrett Engineering Co., 141 Tex. 51, 170 S.W.2d 197 (Tex.Com.App. 1943); Maass v. Sefcik, 138 S.W.2d 897 (Tex.Civ.App.1940); Macfadden's Publications v. Turner, 95 S.W.2d 1027 (Tex.Civ. App.1936); Davila v. Caller-Times Publishing Co., 311 S.W.2d 945 (Tex.Civ.App. 1958); 36 Tex.Jur.2d 392, § 93. Appellant, even though he may have been innocent and made a mistake in the publication, is nevertheless liable for actual damages. Wortham-Carter Pub. Co. v. Littlepage, 223 S.W. 1043 (Tex.Civ.App.1920). Appellant's points 5 and 2 are overruled.

Appellant's fourth point complains that the trial court erred in finding that the 1959 Cadillac automobile referred to in the article had been in the custody, control and possession of Hunter and his wife for about a year preceding the publication for the reason that there is no evidence to support the same. Appellant contends that the article refers to the fact that Deputy Large discovered the automobile on October 5th and that appellant testified that the 1959 Cadillac was taken to Sabinal on the 10th or 11th of October and, therefore, Hunter did not prove by acceptable evidence that he was either the owner of a Cadillac or that the car referred to in the article was the same car that was sent to Sabinal five or six days later. It is not important as to whom the 1959 Cadillac automobile belonged, or whether or not Hunter had the vehicle in Sabinal on the occasion in question. This is not the ultimate question of libel. Even so, Hunter testified that he had driven this 1959 Cadillac for a year and a half; that he had driven it back and forth to the ranch many times; that for this year and a half period it was in his custody and in the custody of his wife; that the car on the lease at Sabinal was a 1959 Cadillac automobile and that he had had this automobile at the ranch prior to the date that the newspaper article was published; and that it had been there many times. Appellant's fourth point is overruled.

Appellant argues in another point that the appellee Hunter failed to prove that the printed matter complained of was ever read. Mrs. Harry P. Hornby, Jr., wife of the defendant, testified that the Uvalde Leader-News was published twice a week; that approximately 4100 copies are published and that they have a circulation of approximately 3900; she testified that several companies actually subscribed to their paper in Nueces County, Texas; that the paper printed on Sunday, October 13th, contained the article complained about and that it was circulated in South Texas and in Nueces County. We hold that a libel committed by a newspaper publication is accomplished when the publication goes into circulation. It is not necessary to prove that the article was read as that can be presumed. 53 C.J. S. Libel and Slander § 82, p. 133; Brian v. Harper, 144 La. 585, 80 So. 885.

Appellant takes the position that the article complained of, not being his original composition but being a report from the Deputy Sheriff Clarence Large, brings it within the rule of qualified privilege under Article 5432, V.A.T.S. Appellant contends that this was a matter of public concern, published for general information and that so long as the report was an accurate statement, furnished by a public official, there should be no liability regardless of whether in fact the statements of the

official are true or false. Citing Sciandra v. Lynett, d/b/a Scranton Times, 409 Pa. 595, 187 A.2d 586 (1963). We recognize that there is involved a fundamental conflict between two competing interests, one, the interest of an individual and his right to remain undamaged in his reputation in the community as a result of any libelous statements with reference to him, and the other the fundamental principle involved with the other competing interest, the right of a free press to carry on its business in an ordinary fashion in a businesslike way and to disseminate the news and to publish and circulate that news without fear or restraint so far as reporting accurately, fearlessly and completely. Hogan v. New York Times Company, D.C., 211 F.Supp. 99 (1962). However, a false statement of fact, concerning an individual even if made as a result of communication from a public official is not privileged 'as a fair comment upon matters of public concern. Davila v. Caller-Times Publishing Company, supra; A. H. Belo & Co. v. Looney, 112 Tex. 160, 246 S.W. 777; Bell Pub. Co. v. Garrett Engineering Co., supra; Moore v. Leverett, 52 S.W.2d 252 (Tex.Com.App.); Jenkins v. Taylor, 4 S.W.2d 656 (Tex.Civ. App.); Houston Press Co. v. Smith, 3 S.W. 2d 900 (Tex.Civ.App.); Ferguson v. Houston Press Co., 1 S.W.2d 387 (Tex.Civ.App.), affirmed 12 S.W.2d 125 (Tex.Com.App.); 33 Am.Jur. 164; 110 A.L.R. 412 (Annotation); 27 Tex.Jur. 670.

Whether or not the appellant committed the publication with or without malice is of no consequence in the case before us, for the reason that the appellee having proved a case of libel against the appellant, would be entitled to recover actual damages even though the publication was without malice. The case was properly filed in the county of the residence of the plaintiff Hunter. Art. 1995, § 29, V.A.T.S.

The judgment of the trial court overruling the plea of privilege, is affirmed.