**W. F. WALLACE, Sr., Appellant,**

v.

**George K. MERIWETHER, III, Appellee.**

**No. 4702.**

Court of Civil Appeals of Texas.

Waco.

March 28, 1968.

Rehearing Denied April 25, 1968.

Charles G. Lyman, Lyman & Sudduth, Corpus Christi, for appellant.

M. Harvey Weil, Kleberg, Mobley, Lockett & Weil, Corpus Christi, Thomas G. Gee, Graves, Dougherty, Gee, Hearon, Moody & Garwood, Austin, for appellee.

## OPINION

TIREY, Justice.

Mr. Wallace has perfected his appeal from an order entered in the District Court of Corpus Christi, Texas, which order sustained the Plea of Privilege of Mr. Meriwether to be sued in Travis County, the county of his residence.

Point 1 is: "Exception 29 of Article 1995 V.A.C.S. is applicable to this libel case, and the trial court erred in sustaining Appellee's Plea of Privilege, and ordering transfer to Travis County." (No other error is assigned).

Appellant in his brief says, among other things: "* * * that since this is an action for libel, and appellant is a resident of Nueces County, Texas, said suit is properly brought in said county within the meaning of Exception 29 of Article 1995 V.A.C.S.,

and that appellee 'published or caused to be published or participated in the publication of the libelous matter made the basis of this suit', same also being published and circulated in Nueces County, Texas." We quote Exception 29 of Article 1995 V.A.C.S.:

"29 Libel or slander.—A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

We also quote Article 5430 V.A.C.S., which defines libel:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury. Acts 1901, p. 30."

Appellant attached a copy of the matter which he alleged was libelous to his First Amended Original Petition. It is Exhibit "A". We quote the Article complained of:

## "REWARD

"We are desirous of determining the complete extent of the Numismatic collection of W. F. Wallace, Sr., of Corpus Christi, Texas, and all purchases made by him.

"A SUBSTANTIAL REWARD based on the quantity and quality of items involved and information submitted will be paid to each dealer or collector furnishing specific information as to items purchased, dates and other pertinent data or place of safekeeping (in case of duplica-

cation of information on items, information first dispatched will be paid the REWARD).

"In addition, those dealers who furnish information leading to the most substantial amount of recoveries in EACH RESPECTIVE CATEGORY of the three main divisions of coins, currency and medals will be afforded the opportunity to handle disposals of that category.

"All replies should be by registered mail, with the Post Office noting the exact time of deposit on both envelope and receipt, addressed to:

> Mr. George Merriwether, III
> Vice-President & Senior Trust Officer
> Austin National Bank
> Austin, Texas."

He also attached Exhibit "B":

> "Law Offices
> MAHONEY, SHAFFER & HATCH
> Parkdale Professional Bldg. – 4411 Gollihar
> Corpus Christi, Texas
> 78411
> May 13, 1966

"Lee Mahoney
George Shaffer
Richard J. Hatch

P. O. Box 6369
Telephone UL 2–8207
Area Code 512

### "REWARD

"We are desirous of determining the complete extent of the Numismatic collection of W. F. Wallace, Sr., of Corpus Christi, Texas and all purchases made by him.

"A SUBSTANTIAL REWARD based on the quantity and quality of items involved and information submitted will be paid to each dealer furnishing specific information as to items purchased, dates and other pertinent data.

"(In case of duplication of information on items, information first dispatched will be paid the REWARD).

"In addition, those dealers who furnish information leading to the most substantial amount of recoveries in *each respective category* of the three main dividisons of coins, currency and medals will be afforded the opportunity *to handle disposals of that category.*

"All replies should be by registered mail, with the Post Office noting the exact time of deposit on both envelope and receipt, addressed to:

> Mr. George Merriwether, III
> Vice-President & Senior Trust Officer
> Austin National Bank
> Austin, Texas

Very truly yours,

(Sgd.)  Lee Mahoney."

It was stipulated that Exhibit "A" appeared in the issue Numismatic News dated June 20, 1966, and that Exhibit "B" appeared in the same publication dated July 4, 1966.

Exhibit "C" is quoted, and it stipulated that it was published in the same magazine dated July 25, 1966:

"Law Offices
MAHONEY, SHAFFER & HATCH
Parkdale Professional Bldg. – 4411 Gollihar
Corpus Christi, Texas
78411

"Lee Mahoney
George Shaffer
Richard J. Hatch

P. O. Box 6369
Telephone UL 2–8207
Area Code 512

"REWARD

"We are desirous of determining the complete extent of the Numismatic collection of W. F. Wallace, Sr., of Corpus Christi, Texas and all purchases made by him.

"A SUBSTANTIAL REWARD based on the quantity and quality of items involved and information submitted will be paid to each dealer or collector furnishing specific information as to items purchased, dates and other pertinent data or place of safekeeping (in case of duplication of information on items, information first dispatched will be paid the REWARD).

"In addition, those dealers who furnish information leading to the most substantial amount of recoveries in each respective category of the three main divisions of coins, currency and medals will be afforded the opportunity to handle disposals of that category.

"All replies should be by registered mail, with the Post Office noting the exact time of deposit on both envelope and receipt, addressed to:

Mr. George Merriwether, III
Vice-President & Senior Trust Officer
Austin National Bank
Austin, Texas."

———◆———

Appellant testified to the effect that these publications were called to his attention and that the contents caused him embarrassment and humiliation. It was further stipulated that a witness by the name of Dick McCracken need not appear in person and that the Court could consider his testimony as being introduced as follows:

" * * * that Exhibit B was published after Mr. McCracken had personlly by telephone contacted the President of Austin National Bank (of which appellee George K. Meriwether, III was Vice-President and Senior Trust Officer) relative to Exhibit A on the night of June 13, 1966, and after such President had replied to him by telephone on June 15, 1966, stating in substance that he didn't know what the 'big boy' was up to, and that the Austin National Bank was going to handle a trust of William F. Wallace, Jr., one of the defendants in this cause, he being the one referred to as 'big boy'."

As we understand, the foregoing constitutes substantially the testimony tendered in behalf of appellant. As we understand the record, in order to sustain venue against appellee the appellant was required to prove his residence in Nueces County, and that a cause of action for defamation against him by Meriwether had accrued in appellant's favor. See Hornby v. Hunter, Tex.Civ.App., 385 S.W.2d 473, n. w. h., and cases there cited. See also 1 McDonald Texas Civil Practice, pages 542–543. As we understand appellant's contention it is to the effect that the matter complained of charges him by "inescapable connotation" with being a "thief", or with having stolen all or part of the collection referred to. He also asserts in effect that the language complained of charges him with having concealed from someone justly entitled thereto all or a portion of his collection. Appellant's position as to these contentions is to the effect that the matter published is unambiguous. We are of the view that the lower court was correct in holding that such interpretations are fanciful and beyond any effect or construction which the mind of the ordinary reader might reasonably assign to such language, such being the test of actionable language. Under the record it would certainly have been a strange construction. Appellee, in his brief, says among other things: "Appellant seeks to place upon it precisely that 'strained interpretation' or 'import which it might carry to a hypersensitive mind' which the law rejects as a test of libel." See 36 Tex.Jur.2d 312, and cases cited; also Merren v. Belo, 228 F.Supp. 515 at pages 517–518. We are in accord with this view.

After a most careful consideration of the record we are of the view that the matter complained of here is not suggestive of any wrong doing at all, and that it is certainly not libelous. We sustain appellee's counterpoint 1, which is to the effect that the statement complained of is not libelous.

Appellee's Counterpoint No. 2 is:

"There is no evidence in the record to support a finding that this appellee published or circulated any of the statements in question, and certainly there is no evidence of so overwhelming a character as to require a reversal of the trial court's finding that he did not."

We are in accord with this view. See Vacicek v. Trojack, Tex.Civ.App., 226 S.W. 505, n. w. h.; King v. Sassaman, 54 S.W. 304, n. w. h.; Nettles v. Somervell, 6 Tex. Civ.App. 627, 25 S.W. 658, n. w. h.

In view of the fact that this cause has to be tried on the merits we refrain from further comment.

The judgment of the trial court is affirmed.