Honorable Carol S. Vance District Attorney Harris County Courthouse Houston, Texas 77002
Re: Whether a list of `known shoplifters' can be circulated.
Dear Mr. Vance:
You have requested our opinion regarding the circulation of a list of `known shoplifters' by a retail merchants association.
Prior to 1974, the Texas Penal Code prohibited the circulation of `any malicious statement affecting the reputation of another' which conveyed the idea that the accused was guilty of a penal offense or was `notoriously of bad or infamous character.' Former Penal Code arts. 1269; 1275(4). The criminal libel laws were omitted, however, from the present Penal Code. Thus, no portion of the Penal Code would appear to prohibit a retail merchants association from circulating a list of persons suspected of shoplifting. Neither are the blacklisting or anti-discrimination statutes, articles 5196-5207b, V.T.C.S., applicable to such a situation, since they apply only to employees or former employees.
On the other hand, to accuse falsely any person of criminal conduct might be viewed by a court as libelous per se under the Texas libel statute, article 5430, V.T.C.S., so as to give rise to a civil action for damages. Belo v. Fuller, 19 S.W. 616, 617
(Tex. 1892); Hornby v. Hunter, 385 S.W.2d 473, 475-76
(Tex.Civ.App.-Corpus Christi 1964, no writ). See Annot., 29 A.L.R.3d 961 (1970); Paul v. Davis, 424 U.S. 693, 697 (1976) (injury to one's reputation by state officials does not violate the Fourteenth Amendment but would appear to give rise to a state claim for defamation). Accordingly, it is our opinion that, although circulation of a list of `known shoplifters' by a retail merchant association would violate no provision of state penal law, it might give rise to a civil action for defamation if it can be shown that the characterization was false.
 SUMMARY
Although the circulation of a list of `known shoplifters' by a retail merchants association would appear to violate no provision of Texas penal law, it might give rise to a civil action for damages on the basis of either libel or invasion of privacy if it can be shown that the characterization was false.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee