11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Roy
Day, Jr. 

Appellant

Vs.                   No.
11-04-00135-CV -- Appeal from Knox County

Scott
David Edmonds, Shea Stubbs Edmonds, and Romain Stubbs       

Appellees

 

Roy Day, Jr. proceeding pro se, filed this suit
against Scott David Edmonds, Shea Stubbs Edmonds, and Romain Stubbs.  Day sought to set aside a March 20, 1995,
general warranty deed from his wife, Tina Escobedo Day, to Scott David Edmonds
and Shea Stubbs Edmonds.  The deed
conveyed title to property located in Knox County.  The property was known as the Rock House
Property.  Day alleged that he owned the
Rock House Property as his homestead and that appellees obtained the deed from
Tina Escobedo Day by fraud and undue influence.

Day filed this action on October 14, 2003.  Appellees moved for summary judgment on the
ground that Day=s claims
were barred by limitations.  The trial
court granted summary judgment to appellees. 
In three appellate issues, Day argues that the trial court erred in
granting summary judgment.  We affirm.

                                                        Summary
Judgment Evidence








The summary judgment evidence established that
Tina Escobedo Day deeded the Rock House Property to Scott David Edmonds and
Shea Stubbs Edmonds on March 20, 1995. 
Later, Day left a note at the Rock House Property stating, AStay out of my house.@ 
On April 3, 1995, Scott David Edmonds and Shea Stubbs Edmonds wrote a
letter to Day stating that they had purchased the Rock House Property.  Shea Stubbs Edmonds filed a sworn complaint
for forcible detainer of the Rock House Property against Day.  Day had filed for bankruptcy on March 6, 1995.  Day told his bankruptcy lawyer that Shea
Stubbs Edmonds and Romain Stubbs were asserting a claim to the Rock House
Property.  On April 14, 1995, Day=s lawyer wrote a letter to Shea Stubbs
Edmonds and Romain Stubbs, among others, stating that the Rock House Property
belonged to Day.  The letter demanded
that Shea Stubbs Edmonds and Romain Stubbs deliver quitclaim deeds to the
property to Day.  On April 18, 1995, Shea
Stubbs Edmonds=s lawyer
wrote a letter to Day=s
lawyer in response to the April 14, 1995, letter.  He explained that Shea Stubbs Edmonds had
purchased the Rock House Property from Tina Escobedo Day.

Day filed a suggestion of bankruptcy in the
forcible detainer action in order to stay the proceeding.  On June 21, 1995, the bankruptcy court
entered an order granting Shea Stubbs Edmonds relief from the bankruptcy stay,
thereby permitting her to proceed with her forcible detainer action against
Day.  Day abandoned his pursuit of title
and possession to the Rock House Property in 1995.

The summary judgment evidence also established
that Scott David Edmonds and Shea Stubbs Edmonds occupied the Rock House
Property as their homestead after  purchasing it in 1995.  They paid all property taxes on the property
for the years 1996 through 2002.

                                                               Standard
of Review

This appeal involves the review of a traditional
motion for summary judgment.  We will
apply the well-recognized standard of review for traditional summary
judgments.  We must consider the summary
judgment evidence in the light most favorable to the non-movant, indulging all
reasonable inferences in favor of the non-movant, and determine whether the
movant proved that there were no genuine issues of material fact and that it
was entitled to judgment as a matter of law. 
Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546
(Tex.1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671 (Tex.1979).  A defendant is entitled
to summary judgment if it either disproves an element of each of the plaintiff=s causes of action or establishes an
affirmative defense on each of the plaintiff=s
causes of action as a matter of law. American To-bacco Company, Inc. v.
Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Science Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex.1997).

                                                     Limitations
Issues

Day did not file this suit until October 14, 2003,
more than eight years after Tina Escobedo Day deeded the subject property to
appellees, Scott David Edmonds and Shea Stubbs Edmonds.  Day alleged that appellees committed fraud
and undue influence in connection with the deed transaction.








Day=s
fraud and undue influence claims are subject to a four-year statute of
limitations.  TEX. CIV. PRAC. & REM.
CODE ANN. '
16.004(a)(4) (Vernon 2002).  In general,
a cause of action accrues for limitations purposes when a wrongful act causes
some legal injury to the plaintiff even if the fact of injury is not discovered
until later and even if all resulting damages have not occurred. Murphy v.
Campbell, 964 S.W.2d 265, 270 (Tex.1997); S.V. v. R.V., 933 S.W.2d
1, 4 (Tex.1996). The discovery rule is a limited exception to the general
accrual rule. Murphy v. Campbell, supra.  If applicable, the discovery rule defers the
accrual of a cause of action until the plaintiff knows, or by exercising
reasonable diligence, should have known of the facts giving rise to the
claims.  Wagner & Brown, Ltd. v.
Horwood, 58 S.W.3d 732, 734 (Tex.2001); 
Computer Associates International, Inc. v. Altai, Inc., 918
S.W.2d 453, 455 (Tex.1994).  The
discovery rule applies to cases involving fraud and fraudulent
concealment.  Murphy v. Campbell, supra.  However, a party seeking to avail itself of
the discovery rule must plead the rule in response to a defendant=s claim that the statute of limitations
bars the party=s
claims.  Woods v. William M. Mercer,
Inc., 769 S.W.2d 515, 518 (Tex.1988). 
Day neither pleaded the discovery rule nor raised it in his response to
appellees= motion
for summary judgment.  Day did not file
suit until more than eight years after the alleged fraud and undue
influence.  Therefore, his claims are
barred by the four-year statute of limitations.








Even if Day had raised the discovery rule, his
claims would have been barred by the four-year statute of limitations.  In the summary judgment context, the
defendant has the burden to negate the discovery rule by proving as a matter of
law that no issue of material fact exists concerning when the plaintiff knew or
should have known of the facts giving rise to the claims. Woods v. William
M. Mercer, Inc., supra at 518; Weaver v. Witt, 561 S.W.2d
792, 794 (Tex.1977); Janis v. Melvin Simon Associates, Inc., 2 S.W.3d
647, 650 (Tex.App. - Corpus Christi 1999, pet=n
den=d). 
The summary judgment evidence established that Day knew about the deed
and appellees=
ownership claims to the Rock House Property in April 1995.  Day left a note at the property saying to A[s]tay out of my house.@ 
In the April 3, 1995, letter, Scott David Edmonds and Shea Stubbs
Edmonds told Day that they had purchased the Rock House Property.  In the April 14, 1995, letter, Day took the
position that the property belonged to him and demanded that appellees provide
quitclaim deeds to the property to him. 
The lawyer for Shea Stubbs Edmonds responded to Day=s claim in the April 18, 1995,
letter.  He explained that Shea Stubbs
Edmonds had purchased the property from Tina Escobedo Day and referenced the
deed.  Scott David Edmonds and Shea Stubbs
Edmonds occupied the property as their homestead after they purchased it.  Day abandoned his claim to the property in
1995.  This evidence established that Day
knew or should have known in 1995 of the facts giving rise to his claims.  Appellees summary judgment evidence negated
the discovery rule.

Day argues that appellees=
alleged representations and conduct should estop them from relying on a
limitations defense.  However, the
summary judgment evidence negated an estoppel claim.  Day cites cases standing for the proposition
that, in the limitations context, estoppel may arise when one party engages in
conduct that causes the other party to delay filing suit until after the applicable
limitations period expires.  See Underwood
v. Woods, 406 F.2d 910, 916 (8th Cir. 1969); Bergeron v. Mansour,
152 F.2d 27, 30 (1st Cir. 1945); Baker-Matthews Mfg. Co. v. Grayling Lum-ber
Co., 203 S.W. 1021 (Ark.1918).  In
this case, appellees did not engage in any conduct that delayed or prevented
Day from filing suit within the limitations period.

Day also relies on cases holding that estoppel may
arise when a party has defrauded another party into signing a deed where the
other party did not know that the instrument signed was a deed.  See Maeberry v. Gayle, 955
S.W.2d 875 (Tex.App. - Corpus Christi 1997, no pet=n);
Barrera v. Ruiz, 308 S.W.2d 578 (Tex.Civ.App. - Fort Worth 1957, no
writ).  In Maeberry, an uncle told
his nephew that he was signing legal papers relating to a guardianship when the
nephew was actually signing a property deed. 
The nephew did not discover that he had a possible claim against his
uncle until about 10 years later.  Maeberry
v. Gayle, supra at 877.  The
court held that the uncle=s
fraud prevented the running of the adverse possession statutes.  Maeberry v. Gayle, supra at
882.  In Barrera, a nephew told
his aunts that they were signing a permit to build a fence when, in fact, they
were signing a property deed.  The aunts
did not learn that the instrument was a deed until 19 years later.  The court held that the nephew was estopped
to plead limitations as a defense.  Barrera
v. Ruiz, supra at 580.

In this case, Tina Escobedo Day signed the deed on
March 20, 1995.  The summary judgment
evidence established that Day knew about the deed in early April 1995.  Appellees did nothing to hide the existence
of the deed.  The facts do not give rise
to an estoppel claim.








Day also contends that the Rock House Property was
his homestead.  He asserts that Tina
Escobedo Day did not have the authority to transfer title to his homestead
property without his consent and that, therefore, the subject deed was
void.  Consequently, Day contends that
the statute of limitations does not apply to his claims.  However, a conveyance of homestead property
by one spouse not joined by the other spouse is not void but is merely
inoperative while the property continues to be a homestead or until such time
as the homestead may be abandoned or the deed ratified in accordance with the
law. Grissom v. Anderson, 79 S.W.2d 619, 621 (Tex.1935); Zable v.
Henry, 649 S.W.2d 136, 137 (Tex.App. - Dallas 1983, no writ).  The summary judgment evidence established
that Scott David Edmonds and Shea Stubbs Edmonds lived in the Rock House
Property as their homestead since 1995 and that Day abandoned his claim to the
property in 1995.

The trial court did not err in granting summary
judgment.  Day=s
claims are barred by the four-year statute of limitations.  Day=s
appellate issues are overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.                      

 

PER CURIAM

 

August 31, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of: Wright, J., and McCall, J.[1]











    
[1]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.